*Walter J. Ladd,* of counsel.

*G. Frederick Frost,* for defendant.

---

SOUTHERN NEW ENGLAND RAILWAY COMPANY FOR CONDEMNATION OF CERTAIN LANDS. CLAIM OF RICHARD SHUTTLEWORTH.

JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Condemnation Proceedings. Taking of Property. Interest. Compensation.*
"An Act to incorporate the Southern New England Railway Company," approved April 12, 1910, provides that "whenever said corporation may take any lands or any interests or estates therein, it shall file in the Superior Court a certificate containing a general description of said lands" and said certificate "shall contain a notice that said corporation will give such security as the court may require for the payment of all such costs and damages as may be finally awarded to any person interested in the lands taken in the proceedings commenced by the filing of such certificate."

The act further provides that whenever said corporation shall have given the security fixed by the court it may immediately enter upon, take possession of and use such lands.

*Held,* that when the amount of damages was determined, they must be regarded as due as of the day when the property was taken.

*Held,* further, that only at the time when the owner was entitled to compensation, did he begin to be entitled to interest for non-payment of such compensation.

*Held,* further, that the filing of the certificate was merely the designation of the land to be taken, but the land was not taken until the right accrued to the company to enter upon and have possession of it.

MOTION to modify award of commissioners in condemnation proceedings. Heard on exception to decision of justice of Superior Court and exception sustained.

SWEETLAND, J. This matter is before us upon an exception to the decision of a justice of the Superior Court with regard to the interest which should be allowed the claimant, Shuttleworth, upon the damages awarded to him for the taking, under the above entitled condemnation proceedings, of certain land belonging to him.

Said condemnation proceedings were instituted by the Southern New England Railway Company under the provisions of an act of the General Assembly approved April 12, 1910. This act provides, among other things, that said railway company is authorized to acquire by condemnation "such lands and interests and estates in lands as said corporation may from time to time take under the authority of this act and in the manner hereinafter provided." Said act further provides that "Whenever said corporation may take any lands or any interests or estates therein it shall file in the Superior Court a certificate containing a general description of said lands" and other specified matters; and shall also accompany said certificate with a plat showing the location of such lands; and said certificate "shall contain a notice that said corporation will give such security as the court may require for the payment of all such costs and damages as may be finally awarded to any person interested in the lands taken in the proceedings commenced by the

filing of such certificate." Said act further provides that "Whenever said corporation shall have given the security fixed by the court as hereinbefore provided it may immediately enter upon, take possession of and use such lands."

June 30, 1911, said railway company filed in the Superior Court a certificate and plat in conformity with said act, therein respectively describing and delineating certain lands, including the land of the claimant, Shuttleworth; and on December 8, 1911, said railway company gave the security required by the court for the payment of all costs and damages that might be finally awarded to any person interested in the lands taken in said condemnation proceedings. Later, said claimant was awarded a certain sum as damages for said taking; and said justice in his decision allowed to said claimant interest on the sum so awarded from the date on which the certificate of condemnation was filed in the Superior Court. To this decision said railway company took exception and has brought said exception to this court.

The railway company claims that interest should be awarded not from the date on which said certificate was filed, but from December 8, 1911, the date on which it gave the security required by the court and when in accordance with the provisions of said act the right accrued to it to enter upon, take possession of and use said lands. It is to be borne in mind that the matter in dispute is not in regard to damages arising out of the condemnation of the land, but as to interest which is the compensation for the detention of the money damages. Under the constitution private property cannot be taken in the exercise of the right of eminent domain without just compensation. If the circumstances of the matter had permitted the damages should have been paid at the time the claimant's property was taken from him. The ascertainment of the amount of his damages necessitated delay. When the amount of his damages are determined, in justice they must be regarded as due to him of the day when his property was taken and he is entitled to interest for their detention from that time until the time

of payment. That is the principle generally recognized by the authorities dealing with this question of interest. The diversity of opinion among the courts of the different states is as to the time when the taking occurs. A careful consideration of the cases in connection with the statutory provisions affecting each case leads us to the conclusion that in the great weight of authority there is the substantial agreement that the taking should be said to occur, not necessarily when the actual entry of the party condemning is made upon the land, but when the right to enter and take possession accrues. In no well considered case do we find the taking held to be of an earlier date, though some cases have considered that it occurred at a later one. In considering the act now in question the justice of the Superior Court finds support for his conclusion in the following language of the act: "Whenever said corporation may take any lands or any interests or estates therein it shall file in the Superior Court in the county in which said lands are located a certificate containing a general description of such lands," &c. And the justice determines that this language fixes the time of taking as of the date of filing the certificate. In the case, *In re Pawtucket, &c. Commission,* 36 R. I., at p. 215, this court has approved the statement that the word "taken" "is used in a variety of senses, and to communicate ideas quite different. Its sense, as used in a particular case, is to be ascertained by the connection in which it is used, and from the context, the whole being applied to the state of facts, respecting which it was used," and later in said opinion at page 218 this court held that the taking which entitles the owner to the payment of compensation is the taking which divests him of his title. In our opinion it should not be held that the owner has been divested of his title by the railway company as long as the owner alone is entitled to enter upon, have possession of, and use said lands. It is to be observed that only at the time when the owner is entitled to compensation does he begin to be entitled to interest for the nonpayment of such compensation.

We think that said justice gave too comprehensive a meaning to the word "take" in the language just quoted from the act. The context and a consideration of the whole procedure, of which filing the certificate is the initial step, does not warrant the construction that the filing of the certificate completes the acquirement of the land or an interest or estate therein by the railway company. At the beginning of Section 7 of the act, of which said quoted language is a part, it is provided that said corporation is "authorized and empowered to acquire by condemnation" lands, &c., "in the manner hereinafter provided." The filing of said certificate is but the beginning of the after prescribed procedure which is to result in the acquisition of the land, interest or estate. In the latter part of the paragraph quoted by said justice in his rescript the "lands" are referred to as the "lands taken in the proceedings commenced by the filing of such certificate." In our view the filing of the certificate is merely the designation of the land to be taken, but said land is not taken until the right accrues to the railway company to enter upon and have possession of it.

The claimant has cited a number of Massachusetts cases, which he claims, support his contention that the taking of the land occurs when the certificate of location is filed. From an examination of those cases in connection with the statute of Massachusetts it appears that in that State the taking is of the time when the right to enter accrues, which under the statutory procedure is also the time of filing the certificate of location. Under the Massachusetts statute (Revised Laws of Massachusetts, 1902, Chapter 111, §§ 88 to 107, inclusive), it appears that in condemnation proceedings by a railroad corporation for the purpose of constructing its road, the filing of the location of the road unlike the requirement in Rhode Island is not the beginning of the proceedings, but follows a number of preliminary steps. Such corporations must first submit to the board of railroad commissioners a sworn estimate of the cost of constructing said road and

this estimate must be approved by said board; it must then satisfy said board that an amount of the capital stock of said corporation equal to at least fifty per cent. of such estimated cost has been actually subscribed by responsible parties and that at least twenty-five per cent. of the par value of each share has been actually paid in; it must satisfy said board that it has received the authority and consent of the county commissioners of each county, wherein the land which it desires to condemn is situated, in regard to the crossing of highways and ways by its road. Before it can file its location there must be filed with the secretary of the commonwealth a certificate from the board of railroad commissioners. that all the foregoing provisions have been observed; and the statutory fee of said secretary must be paid. Then within one year after the filing of said certificate with the secretary of the commonwealth the railroad corporation shall file its location with the commissioner of each county through which its proposed road may pass. "And until such location has been duly filed, the corporation shall not enter upon or use any land or other property." In view of these statutory provisions it appears that the Massachusetts court was forced to hold that the filing of the location marked the time of taking for then accrued the right to enter upon and use the land. All the Massachusetts cases cited by the claimant support the doctrine that damages are due as of the time of the taking and that the taking occurs when the right to enter upon the land vests in the railroad.

In support of his claim that the Massachusetts and Rhode Island statutes, in this regard, are of the same purport and should have the same construction, the claimant cites to us the provisions of Sec. 107 of said Chap. 111, Revised Laws of Massachusetts, 1902. Said Section 107 in part is as follows: "Section 107. All the right and authority of a railroad corporation to enter upon and use land or property taken by it, except for making surveys, shall be suspended until it gives the security required by section one hundred

and one." This provision only becomes intelligible by reference to Sections 99 and 101 of said chapter; wherein it is provided that damages caused by taking land shall be estimated by the county commissioners upon the application of either party; and if the owner requests, the county commissioners shall require security to be given by the railroad corporation for the payment of such damages as may be awarded. Then follows the provision of Section 107 cited by the claimant, under which after the taking of the land by the railroad the beneficial incidents of such taking are suspended until the security ordered has been given. The provisions of said Section 107 do not enter into the discussion of any of the Massachusetts cases cited, nor does it bear upon the rule to be gathered from all those cases that the lands are originally taken when the railway has the right to enter into possession of them which is also the time of filing the location.

From a somewhat extended examination of the cases we find that almost without exception the courts have held that the taking cannot be considered as of a time prior to the date when the right to enter upon and actually have possession of the land arises; and that the right of the former owner to have interest for delay in the payment of his compensation does not arise prior to that date.

In *Oregon Short Line R. Co.* v. *Jones*, 29 Utah, 147 at p. 154, the court said: "Where an action for condemnation has been commenced under statutory proceedings such as we have, in view of what has been said by this court in *Salt Lake City Water, &c. Co.* v. *Salt Lake City*, 24 Utah, 282, 67 Pac. 791, it cannot be said that the service of summons was the taking, within the meaning of the constitution. From the authorities we find interest allowed in the following cases. From the time of entry or taking of possession by the condemner; from the time possession might have been taken; from the time when the award determines the amount of the condemner's liability." . . . "Appellants cited cases also to the same effect. But we have not been cited to any

case, and we have not found any, holding that interest may be allowed prior to these periods."

The court held in *Hayes* v. *The Chicago, M. & St. P. R'y Co.*, 64 Ia. 756: "Where the land-owner is kept out of both the use of the money and the use of the land, he is entitled to what would be equivalent to six per cent. interest upon the money. *Daniels* v. *Railroad Co.*, 41 Iowa, 52; *Hartshorn* v. *Railroad Co.*, 52 *Id.* 616. The assessment is to be reached through a computation. But from what date? The date of the commissioner's appraisement is not material. That appraisement, as we have seen, did not of itself give a right to interest, or anything equivalent thereto. The date, manifestly, from which computation is to be made, is the time of taking possession."

In *Moll* v. *Sanitary District*, 228 Ill. 635, the court said: "The plaintiff was deprived of his property, without any compensation for the use thereof, from the time the defendant took possession until the final award fixing his damages. He could not accept the $6,000 deposited without waiving his appeal. If his appeal had been unsuccessful he would not have been entitled to interest, for he ought to have accepted the amount awarded. But the judgment in his favor on the appeal is conclusive of his right to reject the tender, and it is clear that he was entitled to interest upon the full value of the property taken by the defendant from the time the latter took possession."

In *Alloway* v. *Nashville*, 88 Tenn. 510, it is said: "Nevertheless, we have no hesitation in holding, upon general principles, that interest should have been allowed from the time of the appropriation of the property. From that time the original owner was deprived of the use and possession of the land taken. The liability of the city accrued at that date, though the amount therefor is not determined finally until long thereafter."

The court said in *South Park Com'rs* v. *Dunlevy et al.*, 91 Ill. 54: "It is insisted by the defendants that it is inequitable to have their property taken from them and not

allow interest from the time of the taking. The commissioners had no right to take the property or to disturb the defendants in the enjoyment of the possession thereof, until the damages had been ascertained in the mode provided by law, and paid. The filing of a petition to condemn property is not a taking of the same. If the commissioners took possession of defendants' property before the damages were assessed and paid, they were trespassers, for which the law gives an ample remedy." . . . "The defendants had the right to the possession and use of their property after the petition was filed, the same as before, and we perceive no reason why they should have the use of the property and at the same time be allowed interest upon its value, before it was actually taken." See, also, *Manson* v. *Williams*, 153 Fed. 525; *Hingham* v. *United States*, 161 Fed. 295; *Shoemaker* v. *U. S.* 147, U. S. 282.

The exception to the decision of said justice of the Superior Court is sustained. The matter is remitted to the Superior Court for further proceedings.

*John S. Murdock*, for Southern New England Railway Company.

*Cushing, Carroll & McCartin, Green, Hinckley & Allen*, for Richard Shuttleworth.

*Arthur M. Allen, Chauncey E. Wheeler*, of counsel.