CHARLES W. WHITMAN *et al. vs* CITY OF PROVIDENCE.

JULY 6, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Condemnation Proceedings. Evidence. Use and Occupation.*

Under Pub. Laws, cap. 1278, "An act to furnish the City of Providence with a supply of pure water," upon petition for assessment of petitioner's damages caused by the taking of his property in condemnation proceedings, as petitioner is entitled to compensation as of the date the city acquired title

and was empowered to take possession, he should receive interest upon the amount of such compensation, until it is paid, not as a part of his damages but to indemnify him for the detention of the money after it became due but evidence in regard to the right of the city to demand payment for the use and occupation of the property by petitioner after the taking of title by the city is inadmissible as outside the only issue involved in the proceedings.

PETITION for assessment of damages in condemnation proceedings under Pub. Laws, cap. 1278. Heard on exceptions of respondent and sustained.

SWEETLAND, C. J. This is a petition for the assessment by a jury of the petitioners' damages caused by the taking of their farm in Scituate in condemnation proceedings under the provisions of Chapter 1278 of the Public Laws, 1915, entitled "An Act to furnish the City of Providence with a supply of pure water."

The petition was heard before a justice of the Superior Court sitting with a jury. The jury by its verdict assessed the petitioners' damages at $4,792.50. The respondent duly filed a motion for new trial which was denied by the justice. The case is before us upon the respondent's exception to the decision of said justice on the motion for new trial and upon its exception to an instruction given to the jury by said justice.

In accordance with the provisions of said act the city of Providence acquired title to the farm in question and was empowered to take possession of the same on December 6, 1917. The petitioners were then entitled to receive compensation therefore as of that date. In accordance with the rule laid down by the court *In Re Southern New England Railway Co. for Condemnation of Certain Land,* 38 R. I. 216, said justice ruled that the petitioners were also entitled to receive interest upon the amount of their damages from that date to the time of trial.

On December 6, 1917, when title to the farm passed to the city of Providence the city did not take possession, and without agreement between the parties the petitioners

remained in possession.   The petitioners also continued to receive from a person who occupied a small house on said farm the same sum which they had formerly collected from that person as rent for said house.   The respondent excepted to the charge of said justice to the jury directing them, in computing the amount of their verdict, to disregard the sum received by the petitioners from the occupants of the small house after December 6, 1917.

The respondent urges that if the petitioners are permitted to recover interest on their damages after December 6, 1917, the city should be permitted to offset against such interest the value of the use of said farm by the petitioners after that date including any money which they may have received from others for the occupancy of any portion of it. This proceeding, provided for in the act, is solely for the purpose of ascertaining the amount of compensation which the petitioners should receive for the taking of their farm on December 6, 1917.   They are entitled to compensation as of that date and should receive interest upon the amount of such compensation until it is paid, not as a part of their damages for the taking but to indemnify them for the detention of a sum of money after the time when in law it was justly due.   Because of the relation of the interest to the matter in issue it was properly allowed to the petitioners in this proceeding.   On December 6, 1917, title to the farm passed to the city and the right to possession was solely in it. After that date, the right of the city to demand payment for use and occupation of said farm or any portion of it by the petitioners or any other person, and the just amount of such payment were matters entirely outside the sole issue which arose in the trial of this petition.   The interjection of these matters would tend to confuse the real issue and in the absence of statutory provision permitting their consideration, they should have been excluded.

From the written decision of the justice upon the motion for new trial we are in some doubt as to his position regarding the justness of the verdict.   We think it can fairly be

gathered from his language that he regarded the amount of the verdict as excessive, but was unwilling to disturb it because of his inability to fix a remittitur which was satisfactory to him.  We have examined the testimony and it appears to us that the verdict is clearly excessive.  The testimony as to the value of the farm was conflicting; the estimates of the witnesses differed widely.  In seeking to fix upon a sum which shall give fair compensation to the petitioners we meet the same difficulties which confronted the justice of the Superior Court.  The matter does not permit of an answer which shall be entirely satisfactory to us.  We have commented upon the nature of this difficulty in *Marsella* v. *Simonelli*, 43 R. I. 153.  The statute however places upon us, as it does upon the Superior Court, the duty of stating what portion of a verdict we deem to be excessive.  The six expert witnesses who testified for the respondent appear to us to have a much greater general experience in regard to real estate values, and a more intimate knowledge of the market value of farms in the vicinity of the one in question than the six witnesses presented by the petitioners.  The witnesses for the respondent gave their testimony without apparent bias.  Each of their estimates is much lower than the verdict of the jury.  No two are exactly alike yet they are sufficiently in accord to give us confidence in the approximate justness of their conclusions. We have fixed upon $2,400 as the sum which without doubt will amply compensate the petitioners.  This sum agrees with the highest estimate given by any of the respondent's witnesses.  In thus fixing compensation for the involuntary relinquishment of the petitioners' home we are fully satisfied from the testimony that no unjustness has been done to them.  The sum of $2,400 with interest from December 6, 1917, to the day of trial amounts to $2,760.

The respondent's exception to the charge of said justice is overruled.  Its exception to the decision of said justice on the motion for new trial is sustained.  The case is remitted to the Superior Court for a new trial unless on or before

July 18, 1921, the petitioners shall by a remittitur filed in the clerk's office of the Superior Court remit all of said verdict in excess of $2,760, in which latter case the Superior Court is directed to enter judgment for the petitioners in the sum of $2,760.

*Frank L. Hanley,* for petitioner.

*Elmer S. Chace, City Solicitor, Oscar L. Heltzen, Assistant City Solicitor,* for respondent.