BERNADINO DIMARZIO *et al. vs.* PROVIDENCE REDEVELOPMENT AGENCY.

DECEMBER 1, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

8

PAOLINO, J. This is a petition for the assessment of damages by a jury resulting from the taking of certain land belonging to the petitioners by the respondent agency under the provisions of public laws 1956, chapter 3654, article 12 (now general laws 1956, chaps. 45-31, 45-32, 45-33), entitled "Redevelopment act of 1956."

The case was heard before a justice of the superior court sitting with a jury. After the hearing the jury awarded petitioners damages in the sum of $22,500. To such verdict the trial justice added the sum of $3,150 as interest from the date of the taking to the date of the verdict at the statutory rate of 6 per cent. The respondent's motion for a new trial was denied by the trial justice. Thereafter it filed the instant bill of exceptions which contains two exceptions. The case is before this court only on respondent's exception to the ruling of the trial justice awarding such interest and on its exception to a certain evidentiary ruling.

The petitioners' land and other adjoining properties were condemned under the "Redevelopment act of 1956" for the purpose of redeveloping the West River Redevelopment Project. The legality of the condemnation proceedings is not questioned. Nor does respondent attack the verdict of $22,500 awarded by the jury. It does, however, challenge the legality of the ruling of the trial justice awarding petitioners interest thereon.

The respondent concedes at the outset that in this state, in the absence of any specific statutory provision covering interest, a person whose property has been condemned is

entitled to interest at the statutory rate of 6 per cent from the date of the taking to the date of payment. *Southern New England Ry.* v. *Shuttleworth,* 38 R. I. 216, and *Whitman* v. *City of Providence,* 44 R. I. 33, 35. However, respondent contends that under the "Redevelopment act of 1956" petitioners, in the circumstances of the instant case, are not entitled to interest. The validity of respondent's contention depends upon the language of the act in question and its applicability, or lack thereof, to the facts in the case at bar. We shall therefore examine the pertinent portions of said act and the relevant facts.

Under §45-32-28 respondent agency is required to file in the superior court a statement of the sum of money estimated by the agency to be just compensation for the property taken. Section 45-32-28 also provides that respondent agency "shall deposit in the superior court to the use of the persons entitled thereto the sum set forth in said statement or a greater or lesser sum in accordance with an order by the court determining the sum which should be considered sufficient to satisfy the claims of all persons having an estate or interest in such real property."

Under §§45-32-33 and 45-32-34 respondent is authorized to pay out of the funds so deposited settlements with and judgments for claimants.

The respondent relies principally on §45-32-37 to support its contention that petitioners are not entitled to interest in the case at bar. That section provides for the immediate payment of compensation in certain circumstances and for expediting the proceedings for the assessment of damages, and reads as follows:

"Immediate payment of compensation—Expediting proceedings.—In any proceedings for the assessment of damages for real property so taken by any agency the following provisions shall be applicable:

"(a) Upon the application of any party in interest and upon joinder of all other parties in interest, the

court, on such conditions as it may deem proper, may order that the money deposited in the court, or any part thereof, be paid forthwith without interest for or on account of the just compensation to be awarded in said proceeding. If the damages finally awarded in respect to said real property, or any part thereof, shall exceed the amount of the money so received by any person entitled thereto, the court shall enter judgment against the funds so deposited in court or in default thereof against other property of said agency for the amount of the deficiency plus interest on the deficiency and costs. If the judgment entered is less than the amount withdrawn, then and in that event judgment shall be entered for the agency for the difference between the amount withdrawn and the amount of the judgment plus interest on the overpayment and costs.

"(b) At any time during the pendency of such action or proceeding, the agency or an owner may apply to the court for an order directing an owner or the agency, as the case may be, to show cause why further proceedings should not be expedited, and the court may upon application make an order requiring that the hearings proceed and that any other steps be taken with all possible expedition."

The respondent points out that only in §45-32-37 is there any reference to the question of interest. It also points out that the only provision made therein for the payment of interest to one whose land has been taken by eminent domain relates to a situation where the damages finally awarded exceed the amount received by such condemnee under the provisions of paragraph (a). From the foregoing it argues that we should construe §45-32-37 to mean that only in such circumstances is a condemnee entitled to interest.

We have given careful consideration to respondent's contentions on this point but do not agree with its conclusions. In enacting §45-32-37 the legislature was clearly dealing only with situations where parties in interest apply for and receive forthwith out of the funds deposited in the court payments without interest for or on account of the just com-

pensation to be awarded in the condemnation proceedings. More specifically that section deals with the question of interest only in situations where a claimant applies for immediate payment of compensation under the provisions thereof.

Section 45-32-37 is not self-operating. It comes into play only when the parties in interest take advantage of its provisions. None of the parties in interest in the case at bar took such advantage. In the circumstances §45-32-37 does not apply to the facts in this case and consequently the statute, insofar as the instant case is concerned, does not change the rule set forth in *Whitman* v. *City of Providence* and *Southern New England Ry.* v. *Shuttleworth, supra.*

We have examined the cases from other jurisdictions cited by respondent to support its contentions on this issue. It will serve no useful purpose to discuss them individually, since, upon examination, we find that the statutes which governed those cases differ materially from the statute in the case at bar and are therefore of no help to respondent. The federal statute, 40 U.S.C.A. §258a, for example, provides for the deposit of money in the court and for the immediate payment of money to claimants in certain circumstances. The federal statute also provides that judgments shall include interest as prescribed in the statute, but said statute also states the following: "* * * but interest shall not be allowed on so much thereof as shall have been paid into the court." Section 45-32-37 of our statute contains no such language. In the circumstances it is clear that the federal cases cited by respondent are of no avail to it in the instant case. See *E-Con-O-Wash Corp.* v. *Sousa,* 91 R. I. 450.

For the reasons stated it is our opinion that the ruling of the trial justice awarding the petitioners interest is not in error. Exception 2 is overruled.

Since the respondent concedes that the amount of the damages awarded by the jury is fair there is no need to discuss its first exception.

All of the respondent's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Stephen F. Achille*, for petitioners.

*Timothy J. McCarthy, Vincent J. Baccari, James G. Dolan, Jr.*, for respondent.