Michael V. LEVCOWICH et al.

v.

Morris CHORNEY, Director of Public Works.

UNITED WIRE & SUPPLY CORP.

v.

Wendall J. FLANDERS, Director of Department of Transportation.

Nos. 81–500–Appeal, 81–623–Appeal.

Supreme Court of Rhode Island.

April 9, 1982.

Natale L. Urso, Urso, Liguori & Urso, Westerly, for Michael V. Levcowich et al.

Bradford Gorham, Gorham & Gorham, Providence, for United Wire & Supply Corp.

Stephen F. Mullen, Chief Sp. Counsel, Dept. of Transp., Providence, for defendants.

OPINION

PER CURIAM.

These appeals challenge judgments entered by two Superior Court justices, both of whom found that the State of Rhode Island was required to pay on judgments entered in condemnation proceedings interest calculated at a rate of 12 percent per annum from the day of the taking. On March 16, 1982, the directors, through their attorneys, appeared before a panel of this court in response to an order to show cause why both appeals should not be summarily dismissed.

This controversy stems from action taken by the General Assembly at its January 1981 session when it enacted P.L.1981, ch. 54, which in turn amended G.L.1956 (1969 Reenactment) § 6–26–1 to read:

"Interest in the rendition of judgments, and in all business transactions where interest is secured or paid, shall be computed at the rate of twelve dollars ($12.00) on one hundred dollars ($100) for one (1) year, unless a different rate is expressly stipulated."

Section 3 of the amendment stipulates that the 12 percent rate will apply to all cases pending on the date of passage.

The directors contend that § 6–26–1 does not apply to condemnation proceedings. In urging a 6 percent rate, they rely on the holding in *Isserlis v. Director of Public Works*, 111 R.I. 164, 300 A.2d 273 (1973), where the crucial issue was the trial justice's reliance on § 9–21–10 when he computed a portion of the interest to be added to a condemnation award at 8 percent rather than 6 percent. In faulting the trial justice, the Supreme Court ruled that § 9–21–10 was not applicable in condemnation proceedings and that the 8 percent proviso was embodied in the statute solely for the purpose of encouraging the expedi-

tious settlement of civil actions involving tort claims.

The directors, in arguing the inappositeness of § 6–26–1, stress that a condemnation proceeding can in no way be considered a business transaction; but in taking this position, they overlook the first portion of the statute, which relates to interest in the rendition of judgments. Clearly, the termination of a condemnation proceeding occurs when the court enters a judgment.

In *DiMarzio v. Providence Redevelopment Agency*, 92 R.I. 7, 8–9, 165 A.2d 716, 716–17 (1960), it was acknowledged that in the absence of any specific statutory provision covering interest, a person whose property has been condemned is entitled to interest at the statutory rate from the date of the taking to the date of payment. In 1960 the statutory rate was 6 percent. Today, because of the General Assembly's 1981 mandate, it is 12 percent. Since both condemnation proceedings were pending at the time of the passage of ch. 54, it is our belief that the language of the 1981 amendment [1] is clear and that the directors have failed to show cause.

Consequently, each of the above appeals is denied and dismissed, and the judgments appealed from are affirmed.

MURRAY and SHEA, JJ., did not participate.

---

1. Public Laws 1981, ch. 54, also amended G.L. 1956 (1969 Reenactment) §§ 9–21–8 and 9–21–10 so that today any judgment for money bears interest at the rate of 12 percent per annum until the judgment is discharged, and the 8 percent speedup factor alluded to in *Isserlis v. Director of Public Works*, 111 R.I. 164, 300 A.2d 273 (1973), has been increased to 12 percent.