**KENTUCKY FRIED CHICKEN OF WARREN, INC.**

v.

**Wendall J. FLANDERS, Director of Transportation for the State of Rhode Island.**

**No. 81–134–Appeal.**

Supreme Court of Rhode Island.

June 22, 1983.

Herbert J. Abedon, Providence, for plaintiff.

Stephen F. Mullen, Chief Sp. Counsel, Dept. of Transp., Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Superior Court awarding compensation in the amount of $8,000 together with interest and costs for severance damages arising out of the taking of an easement for a period of two years along the 110-foot frontage of the plaintiff's property on the westerly side of Metacom Avenue in Warren, Rhode Island. We affirm. The facts pertinent to this appeal are as follows.

On December 30, 1977, the Director of Transportation, Wendall J. Flanders (director), filed a notice of condemnation in conjunction with highway plat No. 1814. The plaintiff's property was denominated as parcel No. 66 on said plat. At the time of condemnation plaintiff had leased its Kentucky Fried Chicken type of structure to Alberto Ponte for a period of ten years for the purpose of operating the franchise of this Kentucky Fried Chicken enterprise. The language of the taking, although limited to a period of two years, did not otherwise provide for a right of access to such property for the benefit of the owner. The trial justice found on the basis of expert testimony that this deprivation of right of access for a period of two years diminished the value of the property by the sum of $8,000. In his appeal the director raises three issues that will be dealt with in the order in which they appear in the director's brief.

## I

In support of his first issue, the director argues that the trial court was in error in allowing consequential damages for loss of access. He asserts that when a taking is for highway purposes, there is no loss of access. This is generally true as pointed out in *Honig v. Director of Public Works of Rhode Island,* 106 R.I. 199, 258 A.2d 73 (1969). However, in the case at bar the purported taking was specifically for the purpose of giving the state an easement across the entire frontage of this property for a two-year period. An examination of the language of the condemnation document discloses no written assurance on the part of the state that access to the owner would be provided during the two-year period. As this court pointed out in *Honig,* it is not what the condemning authority may subjectively intend to do but what such authority has seized within the four corners of the documents of condemnation which controls the measure of damages as of the

time of the taking. The principle was perhaps most succinctly set forth in *Sullivan v. Marcello,* 100 R.I. 241, 214 A.2d 181 (1965), when the court observed:

"In short, in cases like this if compensation is to be just it must be measured by what the condemnor can do and not by what he intends to do, it being the rule that the damages are to be assessed on the most injurious method of construction that is reasonably possible. [Citations omitted.] If as of the time of condemnation the condemnor has the power, even though not the intention, to destroy a right of access, the condemnee's damages are to be determined as if the right were destroyed. To give a condemnee less would be to deny him the right guaranteed to him by the constitution." *Id.* at 254, 214 A.2d at 188.

Applying this principle to the condemnation in issue, we are of the opinion that the trial justice was correct in finding that the state had the right under its document of condemnation to deprive the owner of a right of access for a period of two years.

## II

■ The second issue raised by the state challenges the trial justice's awarding of interest at the rate of 10 percent per annum from the date of condemnation. This issue requires no extended discussion because it has been rendered moot by an act of the General Assembly which provides for interest in the rendition of judgments at the rate of 12 percent per annum and applies this rate of interest retroactively to all pending cases. General Laws 1956 (1969 Reenactment) § 6–26–1, as amended by P.L. 1981, ch. 54 § 2. As we stated in *Rhode Island Turnpike & Bridge Authority v. Bethlehem Steel Corp.,* R.I., 446 A.2d 752, 756–57 (1982), this act (P.L. 1981, ch. 54, § 3) is neither ambiguous nor equivocal and should be given retroactive as well as prospective effect in regard to all cases pending upon the effective date of the amendment (May 8, 1981). The provisions of the statute clearly apply to this case. *Levcowich v. Chorney,* R.I., 443 A.2d 1242, 1243 (1982). As a consequence, on remand the clerk will be directed to modify the rate of interest in accordance with the statutory mandate.

## III

■ As for the third issue, the director argues that plaintiff's expert witness provided an insufficient foundation to admit his opinion concerning the diminution of the rental value of the property during the period of the easement. He suggests that a real estate expert must first give a factual foundation upon which he bases his opinion in order to be allowed to give a conclusion concerning diminution of value. *L'Etoile v. Director of Public Works of Rhode Island,* 89 R.I. 394, 153 A.2d 173 (1959). Although we accept the principle set forth in that case, we are of the opinion that the trial justice did not err in finding that the expert witness in the case at bar had laid an adequate foundation for his opinion concerning severance damages. An examination of the expert witness's testimony in this respect discloses that he provided a factual basis for the conclusion that he reached in respect to the diminution of rental value. Thus, the director's argument on this issue is unavailing.

For the reasons stated, the appeal of the director is denied and dismissed. The judgment of the Superior Court is affirmed, except in regard to the computation of interest. By virtue of the amendment of the statute since the trial of the case, the clerk upon remand is directed to recompute the interest in accordance with the provisions of § 6–26–1, as amended by P.L. 1981, ch. 54, § 2, and it is ordered that a new judgment be entered in accordance with that recomputation. The papers in the case may be remanded to the Superior Court for further proceedings in accordance with this opinion.