Benedetto FERRAZZANO et ux.

v.

Wendall J. FLANDERS, Director of Transportation for the State of Rhode Island.

No. 81–318–Appeal.

Supreme Court of Rhode Island.

July 6, 1983.

Edward P. Manning, Providence, for plaintiffs.

Stephen F. Mullen, Chief Sp. Counsel, for State of Rhode Island, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court awarding damages for loss of access to the plaintiffs' property for a period of two years pursuant to the condemnation of an easement by Wendall J. Flanders, Director of Transportation (director). The facts pertinent to this appeal are as follows.

The plaintiffs are the owners of real estate denominated as parcels 24A and 24B on highway plat No. 1814. The easement condemned related to a strip of land abutting Metacom Avenue in Warren, Rhode Island, and constituted a portion of a 2.10-acre tract owned by plaintiffs upon which was located a two-family home, a garage, and a florist shop with greenhouses. In support of his appeal the director raises two issues that will be considered in the order in which they are raised in the director's brief.

I

The director argues that the condemnation in this case did not deprive the owners of access for a period of two years. Since the condemnation documents in this case are substantially identical to the condemnation documents discussed in *Kentucky Fried Chicken of Warren, Inc. v. Flanders,* 461 A.2d 927 (R.I.1983), an extended discussion of the issues raised is unnecessary. We are of the opinion that our holding in *Kentucky Fried Chicken of Warren, Inc.* is controlling here. Consequently, we reject the director's contention that the right of access for a period of two years was not taken under the documents of condemnation.

II

The director challenges the awarding of interest by the trial justice at the

rate of 10 percent per annum from the date of condemnation. As we recently stated in *Kentucky Fried Chicken of Warren, Inc.,* this issue has been rendered moot by an act of the General Assembly which provides for interest in the rendition of judgments at the rate of 12 percent per annum and applies this rate of interest retroactively to all pending cases. General Laws 1956 (1969 Reenactment) § 6–26–1, as amended by P.L. 1981, ch. 54, §§ 2 and 3. It has long been the rule in this state in respect to condemnation cases that a person whose property has been condemned is entitled to interest at the statutory rate from the date of taking to the date of payment. *DiMarzio v. Providence Redevelopment Agency,* 92 R.I. 7, 165 A.2d 716 (1960); *Whitman v. City of Providence,* 44 R.I. 33, 114 A. 183 (1921); *Southern New England Railway Co. v. Shuttleworth,* 38 R.I. 216, 94 A. 738 (1915).

■ We recently reaffirmed this general rule in *Levcowich v. Chorney,* R.I., 443 A.2d 1242 (1982). As we pointed out in that case, the statutory rate which had previously been set at 6 percent was raised by virtue of P.L. 1981, ch. 54 § 2 to 12 percent per annum. Since the instant condemnation case was pending at the time of the passage of chapter 54, the language of the 1981 amendment is clearly applicable. Consequently, on remand the clerk will recompute the interest at the rate of 12 percent per annum from the date of condemnation in accordance with the provisions of § 6–26–1, as amended by P.L. 1981, ch. 54, § 2.

For the reasons stated, the appeal of the director is denied and dismissed. The judgment of the Superior Court is affirmed except in regard to the computation of interest. The papers in the case may be remanded to the Superior Court for further proceedings in accordance with this opinion.