**Michael V. LEVCOWICH et al.**

v.

**TOWN OF WESTERLY.**

No. 83–32–Appeal.

Supreme Court of Rhode Island.

May 9, 1985.

Natale L. Urso, Urso, Liguori & Urso, Westerly, for plaintiff.

Frank S. Cappuccio, Westerly, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the town of Westerly, the defendant in this action, from the denial of its motion for a new trial. A jury trial held on November 9, 10, and 12, 1982, resulted in the return of a verdict for the plaintiff couple, Michael V. and Mary T. Levcowich, in the amount of $20,500. The plaintiffs commenced this action in September 1977 pursuant to P.L.1916, ch. 1449, § 5, in order to obtain a jury's assessment of damages when the parties were unable to agree upon the fair market value of an easement taken by Westerly. We affirm the trial justice's denial of the defendant's motion for a new trial. The defendant's appeal is therefore denied and dismissed.

The following facts have been established. In 1977 Westerly exercised its right of eminent domain pursuant to P.L. 1916, ch. 1449, § 2, as amended by P.L. 1974, ch. 63,[1] by taking a "permanent easement for the construction, maintenance and operation of a system of sewers" on land owned by plaintiffs. The parties disagreed on the value assigned to plaintiffs' remaining interest in the land after the taking of the easement. At trial, plaintiffs' expert witness concluded that the "taking" was

---

1. Sections 2, 6, 8, 9, 11, 12, and 14 of P.L.1916, ch. 1449, were amended by P.L.1974, ch. 63.

total since the town had the exclusive right to use the strip of land condemned as long as the use related in any way to the construction, maintenance, and operation of a sewer system. Based upon the total square footage of the easement, which was 1,500 feet less than half an acre, assessed at a value of $1.40 per square foot, this witness testified that the land taken had a value of $28,000. The defendant's witnesses, three real estate appraisers, testified that the value of the easement that was taken from plaintiffs was only $5,506.

There are three issues presented here on appeal. Since the first two issues are interrelated, we will discuss them simultaneously. The first issue is whether the trial justice erred in permitting plaintiffs' expert witness to testify on the interpretation of the easement taken and in allowing him to speak about the meaning and interpretation of P.L.1916, ch. 1449, §§ 2 and 6, and its applicability to the easement in issue to aid in describing its extent, terms, and scope. The second issue is whether the judge erred in not allowing the town manager to testify on behalf of the town.

The defendant's argument on this point is that plaintiffs' expert in this case should not have been permitted to testify as he did in this case because of our decision in *Vallone v. City of Cranston Department of Public Works*, 97 R.I. 248, 197 A.2d 310 (1964), and that their witness, the town manager, should have been permitted, pursuant to that decision, to testify.

 In support of this contention, defendant asserts that the statement of taking in the instant case and the easement itself were "indefinite, unclear and uncertain" (that is, ambiguous). Hence, defendant's witness should have been allowed to explain the terms of the statement of taking pursuant to the authority granted in *Vallone. Id.* at 258–59, 197 A.2d at 316.

The *Vallone* case articulates the proposition that where the statement of taking of an easement is clear and unambiguous, neither oral testimony nor extrinsic evidence may be admitted for purposes of explanation. It also states that in the converse of this situation, when the language employed in the grant of the easement is ambiguous or uncertain, the court *may* properly resort to a consideration of any concomitant circumstances that have a legitimate tendency to show the intention of the parties. *Id.* However, the admissibility of extrinsic evidence or oral testimony to explain or supplement ambiguous documents is within the trial justice's discretion (as evidenced by the language above—"may") if the trial justice concludes that an ambiguity requiring explanation exists. In the instant case, the trial justice conceded that the condemnation documents did "not define what has been taken, and for what purposes it was taken." However, he chose as a proper exercise of his discretion to allow plaintiffs' expert to incorporate P.L.1916, ch. 1449, §§ 2 and 6, into the documents for explanatory purposes and with such inclusion found, in the exercise of his discretion, that the documents were sufficiently clear. He informed the parties that it was up to them to submit any requests for the charge to the jury regarding this point. In his charge to the jury, the judge did not use any language indicating his recognition of an ambiguity. Rather, he accepted as true the plaintiffs' expert's interpretation of the taking as a total one. The record indicated that defendant did not exercise its power to make requests, nor did defendant object to these instructions.

 The trial justice interpreted the *Vallone* case, which dealt with similar language regarding the taking of an easement for sewage purposes,[2] as controlling au-

---

2. In *Vallone v. City of Cranston Department of Public Works*, 97 R.I. 248, 197 A.2d 310 (1964), such language was that the city took the right to " 'locate, lay, construct, build, operate, maintain, repair and renew a sewer or sewers and appurtenant structures and sewer service or other connections for the purpose of collecting and conveying sewage; of such size and at such depths as said Commissioner of Public Works or said City may determine, together with the right to dispose of surplus spoil material for sewerage construction purposes; and

thority in the instant case and concluded that the taking here was an unrestricted grant insofar as it relates to the construction and operation of a sewer system. In drawing this conclusion, the trial justice relied upon the standard (regarding compensation) used by plaintiffs' expert in his testimony. We used this standard in a 1983 case in which we stated that "it is not what the condemning authority may subjectively intend to do but what such authority has seized within the four corners of the documents of condemnation which controls the measure of damages as of the time of the taking." *Kentucky Fried Chicken of Warren, Inc. v. Flanders,* —— R.I. ——, ——, 461 A.2d 927, 928–29 (1983). We enumerated this principle even earlier in a 1965 case where we stated that

"[i]n short, in cases like this if compensation is to be just it must be measured by what the condemnor can do and not by what he intends to do, it being the rule that the damages are to be assessed on the *most injurious method* of construction that is reasonably possible. *North Carolina State Highway etc. Comm'n v. Black,* 239 N.C. 198, [79 S.E.2d 778]; 2 Lewis, Eminent Domain (3d ed.) § 713, pp. 1249–50. If as of the time of condemnation the condemnor has the power, even though not the intention, to destroy a right of access, the condemnee's damages are to be determined as if the right were destroyed." (Emphasis added.) *Sullivan v. Marcello,* 100 R.I. 241, 254, 214 A.2d 181, 188 (1965).

Based upon the principles quoted above, the trial justice was justified both in admitting, and accepting as true, the plaintiffs' expert's testimony based upon the appropriate standard, the most adverse use conceivable, and P.L.1916, ch. 1449, §§ 2

to make such constructions as said Commissioner of Public Works or said City may require to protect and support such sewer or sewers and appurtenant structures and sewer service or other connections on, in, through, under, and along certain strips of land in said City of Cranston described by parcels designated as follow[s], namely: * * *.'" *Id.* at 252, 197 A.2d at 313.

and 6. Similarly, the judge was justified in refusing to allow defendant's witness to testify since his testimony would have been based upon an inappropriate standard-the town's "intentions and present use" as opposed to "the most adverse use."

The third and final issue is whether the trial justice erred in denying the town's motion for a new trial. Such new trial will be granted only if the trial justice has overlooked or misconceived material evidence or was otherwise clearly wrong. *Cannone v. New England Telephone & Telegraph Co.,* —— R.I. ——, 471 A.2d 211 (1984). He or she must pass on the weight of the evidence and the credibility of the witnesses who have testified. *Juchnik v. Betters,* —— R.I. ——, 471 A.2d 222 (1984). This standard of review has been adhered to by this court in all prior cases.

The defendant argues that the trial justice only accepted as "credible" the plaintiff's expert's testimony and moreover, that by permitting this expert to testify about the meaning and interpretation of the provisions of P.L.1916, ch. 1449, §§ 2 and 6, the judge was "in effect telling the jury that the land described in the easement could not be used by the plaintiffs for any purpose."

We conclude that upon the record ample evidence does exist in support of the judge's denial of this motion. Hence, the trial justice did not err either by overlooking material evidence or misconceiving the same. He properly admitted and accepted, as accurate, testimony based upon the appropriate standard applicable to the instant factual situation. Similarly, his decision to disallow the defendant's testimony, which would have been premised upon the wrong

In this case, such language was that the town took "a permanent easement for the construction, maintenance and operation of a system of sewers within the Town of Westerly * * * pursuant to Chapter 1449 of the Public Laws of the State of Rhode Island 1916."

standard, was certainly not "clearly wrong," nor did it amount to "misconceiving or overlooking material evidence."

For the reasons articulated, we affirm the trial justice's rulings on the three issues raised on appeal. We affirm his denial of the defendant's motion for a new trial. The defendant's appeal is denied and dismissed.