STATE of Missouri ex rel. MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Respondent,

v.

Harold COWGER, et al., Defendants,

Frank Saville, et ux., Appellants.

No. WD 45311.

Missouri Court of Appeals, Western District.

Aug. 25, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1992.

Application to Transfer Denied Oct. 27, 1992.

S. Preston Williams, Thomas E. Barzee, Jr., North Kansas City, for appellants.

Peter M. Donovan, Sr., Asst. Counsel, Kansas City, Judy L. Curran, Dist. Counsel, Rich Tiemeyer, Chief Counsel, Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and ULRICH and KENNEDY, JJ.

LOWENSTEIN, Chief Judge.

Appellants Frank and Cathryn Saville received a unanimous jury verdict giving them, as landowners, the amount of $17,-500 for the value of their property as condemned by the Missouri Highway and Transportation Commission (Commission). The Savilles appeal the verdict, arguing three points: 1) the admission of evidence regarding the condemnor's future use of the condemned land violated the "Maximum Injury Rule", 2) even if not in violation of the "Maximum Injury Rule", this evidence was still improperly admitted and, 3) the court, in admitting the evidence, violated the landowners' fundamental Constitutional and Due Process rights to just compensation because landowners were not given adequate notice of the property being taken.

The facts of the case are as follows. The Commission commenced this action to condemn a portion of the Saville's land on which their home was located, to widen Missouri Route 7 from two to four lanes. The land taken from the 1.88 acre tract was 0.29 acre of right of way, 0.07 acre of temporary easement, and 0.05 acre of permanent easement, leaving the Savilles 1.47 acres.

The Commission awarded the landowners $27,700. Both sides filed exceptions.

The Appellants called two witnesses. The testimony began with Frank Saville stating that the former right-of-way line was about sixty feet from the front of his house and that the strip acquired by the Commission was 40 feet deep. Saville then stated on direct examination that the Highway Department now owned all the property to within 20 feet of his house and that it could be used by them for any purpose they saw fit. He then indicated that he thought his property was worth between

$90,000.00 and $100,000.00 immediately before condemnation.

Appellants' second witness was Noble Johnson, an appraiser. Johnson, as an expert, testified that in his opinion the highest and best use of the property before and after the taking was residential use. He indicated that he studied the plans and in his opinion, the property was worth $92,000.00 before condemnation. The plan sheets were later introduced into evidence without objection. Mr. Johnson then said that the remaining land had a value of $13,200.00, making the loss due to condemnation $78,000.00.

The Commission's evidence came from two witnesses, Linda Ell and Ralph White. Ell, a registered engineer for the Commission, supervised the design of the Route 7 project. Ell testified that the existing two-way lanes would be resurfaced and become the two east-bound lanes for Route 7 with a median and a new, two lane, westbound pavement constructed North of the existing two-way lanes. She indicated that 0.05 acre of the property was needed for a permanent easement for a water line, 0.07 acre for a temporary easement to construct a new water service line, and 0.29 acres for right-of-way. Ell testified on cross-examination to possible future uses of the area in response to Appellants' questions. She also stated upon cross-examination that it was not possible to move the road closer to the home due to insufficient space in that area under federal design requirements. She testified that this plan was designed with a 60 foot median and that any future expansion would be made into the median area in accord with Respondent's practice all over Missouri. On redirect-examination, Ell testified that the distances between the front of the house to the edge of the existing traveled traffic lane would be the same in both the before and after conditions because the pavement would be used in place for the ease bound lanes and the new west bound lanes were to be constructed North of the existing pavement.

White, the Highway Department's chief appraiser, testified that the landowners should receive $10,250.00 in damages from the taking. On cross-examination, White testified any change in the location of the highway in the future would involve the acquisition of additional right-of-way and another appraisal of the property.

The jury verdict was $17,500.00. Because they claim the trial court improperly admitted evidence, the burden is on Appellants to establish prejudice by admission of the objected evidence. *Span v. Jackson, Walker Coal & Mining Co.*, 16 S.W.2d 190, 322 Mo. 158 (1929). In addition, they must contend the the erroneous admission of evidence constitutes reversible error, and must demonstrate absence of sufficient competent evidence to support the judgment. *Gould v. Starr*, 558 S.W.2d 755 (Mo.App.1977).

### I. MAXIMUM INJURY RULE

The Savilles argue that the condemnor was allowed to testify about things which were intended to diminish the landowners' damages. They argue that the condemnor, over objections, was permitted to put on evidence that the landowners' property would look essentially the same after the taking as it had before and that the condemnor would not be using the right-of-way across the landowners' property to the fullest extent permitted. They claim that such testimony convinced the jury to award less money to them and constitutes a violation of the maximum injury rule. The maximum injury rule requires the jury to act upon the presumption that the condemnor will make the "most injurious use of its rights." *Shell Pipe Line Corp. v. Woolfolk*, 331 Mo. 410, 53 S.W.2d 917 (1932). Appellants suggest that any evidence admitted which restricts or limits the extent of the taking is clearly improper, inadmissible, and reversible error. In reality, however, the maximum injury rule is used only in the absence of detailed construction plans which limit the condemnor. 4A Nichols, *The Law of Eminent Domain*, 14.15 (rev. 3d ed. 1981) pp. 14–327–24–329. In such a case, the jury has the right to base its verdict on the most injurious use to which the property could lawfully be applied. However, the condem-

nor has the right to file and incorporate its construction plans into its petition, and the jury is allowed to assess the damages based on these plans. *St. Louis K. & N.W. Ry. Co. v. Clark*, 121 Mo. 169, 25 S.W. 906, 907–908 (1894). In the case at bar, the design plans were entered into evidence without objection, and show the nature and extent of the land taken and the location of the highway improvement to the remaining property and were filed with the condemnation petition. The maximum injury rule does not apply to this case.

## II. ADMISSIBILITY OF EVIDENCE

■ The Appellants allege the court prejudicially erred in allowing Commission testimony concerning its future use of the land in question. However, the law states that a condemnor has the right to offer evidence as to its plans for the condemned land, even where the petition does not set out the manner of its use. *St. Louis K. & N.W. Ry. Co. v. Clark*, 25 S.W. 906, 907; *State Highway Commission v. Dunard*, 485 S.W.2d 657, 660 (Mo.App.1972). The Commission's attorney was doing exactly this in his closing argument to the jury.

The first instance of error occurred during the Commission's direct-examination of Ell. Ell was asked to describe how the project affected the subject property. The court overruled Appellants' objection since future use of the right of was relevant and material to show the value of the remaining property.

Furthermore, Appellants' counsel, during cross-examination of Ell, asked many questions about possible future uses of the condemned land. Counsel asked Ell if the new right-of-way acquired from the Savilles could have a slab placed on it if Respondent decided to do so at some later time. She responded that there was insufficient room in the right-of-way area between the edge of the lane and the right-of-way line as a recovery distance for drivers. This meant that in order to put another lane in at some time in the future, additional right-of-way would have to be acquired from the Savilles. Ell was also asked, on cross-examination by Appellants' counsel, whether she

could guarantee that the taking area would never be used for anything else. Ell testified that she could see that this road was designed with a 60–foot median in the middle and that if widening becomes necessary in the future, the road would be widened into the median.

■ The other allegation of error also was on Ell's redirect examination. She testified that, when the road was built, the distance between that house and the edge of the nearest lane would remain the same as in the before condition. The basis of this testimony was clearly shown on Plaintiff's Exhibit C and introduced into evidence without objection. The trial court properly overruled appellants' objection that it concerned future uses because the question was based on the existing plans and documents.

■ Even if the evidence could be deemed inadmissible, the appellants can not complain of error because they first opened up the subject of future uses in their cross-examination. A party who opens up a subject is held either to be estopped from objecting to its further development or to have waived his right to object to further development, *Wilson v. Landvatter*, 517 S.W.2d 117, 122 (Mo.1974). In addition, the complaining party cannot be prejudiced by allegedly inadmissible evidence if that party offers evidence to same effect as challenged evidence, *Dunn v. St. Louis–San Francisco Ry. Co.*, 621 S.W.2d 245 (Mo. 1981). Therefore, if there was any error in admitting the evidence, it was self-invited by appellants.

## III. NOTICE REQUIREMENT

The final point presents a due process argument in that admission of the previously described evidence violates the landowners' to just compensation. They argue they were not properly notified of the extent of the taking and this kept them from adequately preparing for trial and lowered their damages.

■ Due Process requires an accurate description of the interest to be taken, *Collins v. City of Wichita*, 225 F.2d 132 (10th

Cir.1955). Appellants claim they were not adequately notified because the original petition called for the taking of more land than the Commission actually planned on taking, and allowing this evidence of the lesser taking at trial confused the jury, causing it to lower the compensation amount.

 However, the respondent did file the required petition and the required detailed construction plans with the condemnation petition in the circuit court, and entered them into evidence without objection. Given this, the detailed petition and plans more than adequately purport to Due Process notice requirements. If the Appellants were first notified of plans to take a large area of land, certainly they were not surprised by any subsequent plans to take instead a smaller area of that same land.

How the jury was confused is not substantiated by any evidence. Both sides had experts who testified at trial as to the value of the land both before and after the taking. The jury had a very accurate description and idea of the value with which to ponder over in making a decision as to the amount of compensation.

How the Appellants were kept from preparing for trial is difficult to understand. As mentioned *supra*, the Commission timely filed both the condemnation petition and detailed construction plans, and the appellants did not object to this evidence. The petition very specifically described the land and rights being acquired. In fact, appellants *themselves* introduced the design plans into evidence. It is hard to imagine how they could have been surprised or prejudiced when they continued discovery and depositions and failed to ask for a continuance on that ground.

The judgment is affirmed.