738

■

STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Respondent,

v.

Elizabeth Ann COCKRUM, et al., Exceptions of Elizabeth Ann Cockrum, Defendant/Appellant.

No. 73690.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 1, 1998.

Gregory F. Hoffmann, St. Louis, for appellant.

Paul R. Sterrett, Philip E. Morgan, Jr., Rich Tiemeyer, Chesterfield, for respondent.

Before ROBERT G. DOWD, Jr., C.J., KENT E. KAROHL, J., and ROBERT E. CRIST, Senior Judge.

## ORDER

PER CURIAM.

Elizabeth Ann Cockrum (Appellant) appeals from a judgment rendered in a condemnation action filed by the Missouri Highway and Transportation Commission (MHTC).

Appellant argues the trial court erred in entering judgment on the jury verdict and in overruling Appellant's Motion for New Trial because (1) the verdict was "shockingly inadequate in light of the true value of the property taken and was against the weight of the evidence"; and (2) the jury verdict was the result of prejudice due to MHTC's references to inadmissible evidence. Appellant also argues the trial court erred in denying Appellant's Motion for Additur because the jury verdict was inadequate. We affirm.

Since we do not weigh the evidence, review of a jury verdict is limited to whether there is sufficient evidence to support the verdict. *Heins Implement Co. v. Missouri Highway & Transp. Com'n*, 859 S.W.2d 681, 692 (Mo. banc 1993). Upon our review, we find sufficient evidence to support the verdict. Secondly, Appellant has the burden to establish prejudice and that the erroneous admission of the evidence constitutes reversible error. *State ex rel. Missouri Highway & Transp. Com'n v. Cowger*, 838 S.W.2d 144, 147 (Mo. App. W.D.1992). Appellant must also demonstrate absence of sufficient competent evidence to support the judgment. *Id.* Here, Appellant failed to meet her burden. The level of prejudice did not rise to that of reversible error. Further, there is sufficient competent evidence to support the judgment. Finally, we find the trial court did not err in denying additur.

An opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).