# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN SHARPLES, HUSBAND AS
JOINT TENANT; AND BONNIE
SHARPLES, WIFE AS JOINT TENANT,
Appellants,
vs.
THE STATE OF NEVADA,
DEPARTMENT OF
TRANSPORTATION,
Respondent.

No. 73628

FILED

DEC 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

JOHN SHARPLES, HUSBAND AS
JOINT TENANT; AND BONNIE
SHARPLES, WIFE AS JOINT TENANT,
Appellants,
vs.
THE STATE OF NEVADA,
DEPARTMENT OF
TRANSPORTATION,
Respondent.

No. 74106

## ORDER OF AFFIRMANCE

These are consolidated appeals from a judgment of condemnation and award of costs in an eminent domain action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Respondent the State of Nevada, Department of Transportation (NDOT) filed a verified complaint in eminent domain, without attaching final construction plans, to obtain a portion of commercial property owned by appellants John and Bonnie Sharples (the Sharples). NDOT's expert appraiser did not consider installation of a median in front of the Sharples' property and found just compensation to be $11,560.00, without severance damages. However, the Sharples' expert appraiser considered the installation of a median and found just compensation to be $311,100.00,

18-909628

including severance damages. Ultimately, the district court granted NDOT's motion for partial summary judgment on the Sharples' claim for severance damages, and further denied the Sharples reimbursement for expert witness fees, photocopying charges, and runner services.

On appeal, the Sharples contend that the district court erred in granting NDOT's motion for partial summary judgment on their claim for severance damages because NDOT failed to attach binding construction plans to its verified complaint. The Sharples further contend that the district court abused its discretion in denying them reimbursement for expert witness fees, photocopying charges, and runner services. Each of the Sharples' contentions are addressed in turn.

*The district court did not err in granting NDOT's motion for partial summary judgment on the Sharples' claim for severance damages*

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.* General allegations and conclusory statements do not create genuine issues of fact. *See id.* at 731, 121 P.3d at 1030-31.

Despite the Sharples' contentions, neither NRS 37.110(2) nor *State, Department of Highways v. Olsen*, 76 Nev. 176, 351 P.2d 186 (1960), stands for the proposition that binding construction plans must be attached to the complaint in eminent domain matters to determine severance

damages.[1] Indeed, the Legislature does not set forth such a requirement, *see* NRS 37.070(1) (prescribing the six requirements the complaint must contain), and "[t]his court has repeatedly refused to imply provisions not expressly included in the legislative scheme," *Zenor v. State, Dep't of Transp.*, 134 Nev., Adv. Op. 14, 412 P.3d 28, 30 (2018) (internal quotation marks omitted).

However, "[s]ufficient construction plans must be presented by the condemnor so that the extent of loss to the property owner can be understood and translated into monetary damages." *Municipality of Metro. Seattle, King Cty. v. Kenmore Props., Inc.*, 410 P.2d 790, 793 (Wash. 1966) (internal quotation omitted). "The test of sufficiency is not one of form but one of substance," and thus, the test is "whether or not [the plans presented by the condemnor] properly and adequately inform the owner of the details

---

[1]The Sharples also rely on *State, Department of Transportation v. Eighth Judicial District Court (Nassiri)*, 133 Nev., Adv. Op. 70, 402 P.3d 677 (2017), to support their contention that binding construction plans are necessary. However, *Nassiri* is distinguishable because it involved an alleged breach of a settlement agreement and did not involve NRS Chapter 37, which is implicated here. *See Nassiri*, 133 Nev., Adv. Op. 70, 402 P.3d at 682-83.

Moreover, we need not determine whether factors urged by the Sharples, such as circuity of travel, diversion of traffic, obstruction of visibility and inconvenience due to construction inconvenience, are proper considerations in determining the value of the Sharples' property after the taking, because the Sharples' expert appraiser relied on the false premise that NDOT would be installing a median in front of the Sharples' property, and thus, his opinion was not entitled to credit or weight. *See State, Dep't of Highways v. Soileau*, 315 So. 2d 384, 389 (La. Ct. App. 1975) ("Where the evidence shows that an appraiser assumed incorrect facts in determining that severance damages were sustained as a result of the taking, the opinion of that expert as to severance damages is not entitled to credit or weight, since it is not well grounded on facts or logic.").

of the planned taking so that he and his witnesses may understand exactly the nature of the taking, and evaluate the owner's resultant damages." *Id.*

Here, although the Sharples complain that "[NDOT's verified] [c]omplaint did not provide any manner in which the improvements at issue were to be constructed," the Sharples fail to point out the insufficiencies of NDOT's disclosures to value the taking's damages. *See id.* (noting that the landowner "failed to point out in what respect the details of the taking as disclosed by [the exhibit] and the supplemental maps [ ] are insufficient to permit either an understanding or a valuation of its damage," and concluding the details disclosed were not insufficient to protect the landowner). Rather, the Sharples focus on NDOT's alleged plan to install a median in front of their property, which the record belies. The record reveals that the Sharples knew that any median in front of their property would be installed in 2030, at the earliest, and would be installed by the City of Las Vegas, not NDOT. The record further reveals that NDOT presented the Sharples with sufficient construction plans so that the extent of their loss from NDOT's taking could be understood and translated into monetary damages. Therefore, a genuine issue of material fact does not exist as to preclude summary judgment on this basis.[2]

---

[2]We recognize that the Sharples alternatively argue that they are entitled to apply the "maximum injury" or "most injurious use" rule, "however, the maximum injury rule is used only in the absence of detailed construction plans which limit the condemnor," *State, Missouri Highway & Transp. Comm'n v. Cowger*, 838 S.W.2d 144, 146 (Mo. Ct. App. 1992), and the most injurious use rule similarly applies when the statement of the taking is ambiguous, *see Levcowich v. Town of Westerly*, 492 A.2d 141, 143-44 (R.I. 1985).

*The district court did not abuse its discretion in denying the Sharples reimbursement for expert witness fees, photocopying charges, and runner services*

"A district court's decision regarding an award of costs will not be overturned absent a finding that the district court abused its discretion." *Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005).

This state's constitutional mandate requiring just compensation for "all reasonable costs and expenses actually incurred" in eminent domain actions, Nev. Const. art. I, § 22(4), can be read in conjunction with NRS 18.005. Indeed, this court has applied NRS 18.005(5) in an eminent domain action. *See City of N. Las Vegas v. 5th & Centennial, LLC*, Docket No. 58530 (Order Affirming in Part, Reversing in Part, and Remanding, March 21, 2014). Even when an award of costs is mandated, "the district court still retains discretion when determining the reasonableness of the individual costs to be awarded." *U.S. Design & Constr. Corp. v. I.B.E.W. Local 357*, 118 Nev. 458, 463, 50 P.3d 170, 173 (2002). Therefore, the party seeking reimbursement in eminent domain actions must still show that the costs and expenses were reasonable, necessary, and actually incurred. *Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120, 345 P.3d 1049, 1054 (2015).

Upon review of the record, we conclude that the Sharples failed to show that their expert witness fees, photocopying charges, and runner services were reasonable and necessary. Therefore, the district court did

not abuse its discretion in denying the Sharples reimbursement. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Susan Johnson, District Judge
Michael H. Singer, Settlement Judge
Law Offices of Brian C. Padgett
Attorney General/Carson City
Attorney General/Transportation Division/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A