NEVADA BOARD OF OSTEOPATHIC MEDICINE; O. W. WHITE, D.O.; T. C. McCLEARY, D.O.; O. W. SHELKSOHN, D.O.; TED D'AMICO, D.O.; AND RUTH ARMSTRONG, AS MEMBERS OF THE NEVADA BOARD OF OSTEOPATHIC MEDICINE, APPELLANTS, v. FRANK GRAHAM, D.O., RESPONDENT.

No. 13410

April 30, 1982          643 P.2d 1222

*Richard H. Bryan,* Attorney General, Carson City; *Robert N. Peccole,* Chief Deputy Attorney General, Las Vegas, for Appellants.

*Richard D. Weisbart,* Las Vegas, for Respondent.

[2]The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, was designated by the Governor to sit in place of JUSTICE JOHN MOWBRAY, who voluntarily disqualifed himself. Nev. Const., art. 6, § 4.

## OPINION

*Per Curiam:*

The Nevada Board of Osteopathic Medicine issued a formal complaint against Frank Graham alleging unprofessional conduct and gross malpractice. The Board conducted a hearing on the complaint on July 17, 1979. Graham was present with counsel. At the conclusion of the hearing it was agreed that two physicians would examine Graham relative to his medical competency. This was done. The Board met on August 9, 1979 to consider the results of the examination. The Board further considered newspaper reports concerning Graham and two additional complaints that had been filed against Graham since the July meeting. Neither Graham nor his counsel was present. At the conclusion of the meeting, the Board voted to revoke Graham's license for gross malpractice.

Graham appealed the Board's ruling to the district court. The court below found, among other things, that at the August 1979 hearing Graham had been denied his statutory rights to notice of the hearing (NRS 233B.121(1)); to be represented by counsel (NRS 233B.121(3)); the right to call and examine witnesses (NRS 233B.123(4)). The court concluded that because Graham was deprived of his fundamental rights of due process of law, the Board's ruling was invalid. We agree.

The district court also awarded Graham $1,500.00 attorney's fees. This was improper. The settled rule is that attorney's fees may not be awarded in the absence of a statute, rule or contract granting them. State ex rel. List v. Courtesy Motors, 95 Nev. 103, 590 P.2d 163 (1979). NRS 18.010 only applies to actions

for money damages. International Industries v. United Mortgage Co., 96 Nev. 150, 157, 606 P.2d 163, 167 (1980). There is no statutory authority for the award of the fees.

We affirm the judgment below except as to the award of the attorney's fees, which we reverse.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.