NEVADA INDUSTRIAL COMMISSION, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, *v.* ROBERT HORN, RESPONDENT.

No. 13540

November 10, 1982                    653 P.2d 155

---

*T. Dwight Sper,* Las Vegas, for Appellant.

*Roy L. Nelson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent injured his back and right knee while working as a "utility porter" at the Stardust Hotel in Las Vegas. Thereafter he submitted to psychological and medical examination, and also underwent knee and back surgery.

On April 12, 1979, the Nevada Industrial Commission ("NIC")[1] ruled that respondent was ineligible to receive temporary total disability benefits during the period of April 13 through September 20, 1979. Respondent unsuccessfully appealed this ruling to the NIC appeals officer. The basis of the appeals officer's determination was that although respondent could not perform heavy physical labor, he could perform gainful sedentary work.

Respondent then sought relief in the district court, submitting for the first time two letters from rehabilitation counselors indicating that respondent was not a suitable candidate for

---

[1]The Nevada Industrial Commission has since been renamed as the State Industrial Insurance System. *See* 1981 Nev. Stats. Ch. 616 (effective July 1, 1982).

rehabilitation, and that the NIC was unable to find suitable employment for him. These letters were written almost one year after the NIC appeals officer had rendered his decision.

Appellant moved to strike any reference to matters outside of the record, but the district court denied appellant's motion. In an order phrased in conclusory terms, the district court reversed the decision of the NIC appeals officer and ordered payment of benefits to respondent, on the ground that the decision violated NRS 233B.140(5)(d), (e), and (f).[2] This appeal followed.

Appellant contends that the district court erred by receiving the new evidence. We agree.

The district court's review of an administrative decision is limited to the record before the agency. NRS 233B.140(4); Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 607 P.2d 581 (1980); Nevada Industrial Comm'n v. Reese, 93 Nev. 115, 560 P.2d 1352 (1977). Further, under NRS 233B.140(3),[3] it is contemplated that if the district court determines that additional evidence should be received, the district court should order that such evidence be presented to the appropriate administrative agency.

---

[2]NRS 233B.140(5) provides in pertinent part:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

. . .

(d) Affected by other error of law;

(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The district court's order did not specify the manner in which the NIC appeals officer's decision was affected by error of law, clearly erroneous in view of the record, or otherwise arbitrary, capricious, or an abuse of discretion.

[3]NRS 233B.140(3) provides:

If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings or decisions with the reviewing court.

Respondent argues that the district court "apparently determined that the [additional] evidence was so overwhelming that there was no need to refer the case back to the Appeals Officer of the NIC." Respondent has cited no direct authority in support of his argument, and we reject the argument because it is contrary to the clear language of the statute. If the district court was of the opinion that the new evidence was material, and that there were good reasons for failure to present the evidence in the proceeding before the agency, the district court should have remanded the matter to the agency under NRS 233B.140(3). The district court exceeded the scope of its review by admitting and considering the new evidence.

Accordingly, we reverse the district court's order, and remand with instructions to proceed in accordance with NRS 233B.140(3).