CARMEN NAVARRO, APPELLANT, *v.* STATE OF NEVADA, EX REL. DEPARTMENT OF HUMAN RESOURCES WELFARE DIVISION, RESPONDENTS.

No. 12916

December 23, 1982                    655 P.2d 158

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.

*O'Brien & Avila,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Terrance P. Marren,* Deputy Attorney General, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant contends she was wrongfully discharged from her employment with the Welfare Division of the Department of Human Services ("Welfare"). At the appellant's request, a hearing officer from the Nevada State Personnel Advisory Commission ("PAC") reviewed the circumstances surrounding her dismissal. The PAC hearing officer determined that appellant was justifiably terminated. Appellant disputed the hearing officer's decision and petitioned PAC for review and rehearing before the entire commission. Appellant's petition for review and rehearing was denied.

Appellant then filed a petition in district court for judicial review of the hearing officer's decision as provided by NRS 233B.130. Welfare moved to dismiss appellant's petition on the ground that Welfare was exempt from judicial review under NRS 233B.039(1)(h). The district court determined that it was

deprived of jurisdiction by virtue of NRS 233B.039(1)(h) and dismissed appellant's petition. Appellant contends the district court misconstrued NRS 233B.0391(h) and erred when it dismissed her petition. We agree.

Chapter 233B of the Nevada Revised Statutes, the Administrative Procedure Act ("APA"), was adopted to establish minimum procedural requirements for the rule-making and adjudication procedure of all non-exempt agencies of the executive department of the state government and to provide for judicial review of both functions. NRS 233B.020. Welfare rulemaking and adjudication have been specifically exempted from the requirements of the APA. NRS 233B.039(1)(h). However, that exemption is of no significance here because appellant has not challenged any rule-making or adjudication undertaken by Welfare.

The appellant's petition sought judicial review of the PAC hearing officer's determination that appellant was justifiably dismissed from employment. Welfare was merely a party to that proceeding. We find nothing in the APA which suggests that non-exempt adjudication becomes exempt from the requirements of the APA when an exempt agency is a party to the adjudication proceedings.

Except in certain situations not here relevant, a terminated State employee is entitled to a hearing before a PAC hearing officer. NRS 284.390(1), Rules for Personnel Administration ("RPA") adopted pursuant to NRS 284.155(1), XV.B(1)(b). If dissatisfied with the decision of the hearing officer, the employee may request that PAC review the hearing officer's decision. NRS 284.390(7), RPA XV.B(1)(i). The commission may also grant or deny a hearing *de novo*. NRS 284.390(9), RPA XV.B(1)(j). If the PAC denies a new hearing, the decision of the PAC hearing officer constitutes final agency action subject to judicial review in accordance with the provisions of NRS 233B.130 to 233B.150, inclusive. RPA XV.B(1)(m).

NRS 233B.130 provides that any party aggrieved by a final agency decision may petition the district court for judicial review of that decision.

> In reviewing the hearing officer's decision, it is the function of this court, as well as the district court, to review the evidence presented at the hearing to determine if the decision was supported by the evidence, and to ascertain whether the hearing officer acted arbitrarily, capriciously, or contrary to the law. [Citations omitted.]

Turk v. Nevada State Prison, 94 Nev. 101, 103, 575 P.2d 599 (1978).

Appellant has apparently complied with the procedure necessary to secure judicial review. Accordingly, we reverse the lower court's order dismissing her petition and remand the cause for further proceedings consistent with this opinion.