LARRY O. McCRACKEN, Executive Director, STATE OF NEVADA EMPLOYMENT SECURITY DEPART-MENT, BOARD OF REVIEW OF STATE OF NEVADA EMPLOYMENT SECURITY DEPARTMENT, Appellants, *v.* WAYNE D. CORY, Respondent.

No. 13795

June 9, 1983                                   664 P.2d 349

[Rehearing denied August 30, 1983]

*John A. Flangas,* Reno, for Appellants.

*Marilyn V. Romanelli,* Las Vegas for Respondent.

## OPINION

*Per Curiam:*

Respondent Wayne Cory successfully petitioned the district court for judicial review of a decision of the Nevada Employment Security Department (NESD) denying him unemployment benefits. The district court reversed the NESD's decision and remanded Cory's case to the NESD Board of Review (the Board) for a full hearing. On remand, Cory was awarded $1,230 in benefits. Cory's counsel subsequently filed an "Application for Fee" with the Board, requesting approval of an attorney's fee pursuant to NRS 612.705(2).[1] The Board approved a fee of $123, an amount representing ten percent of the benefits received by Cory.

Thereafter Cory's counsel filed a "motion for attorney's fees" in district court, thereby challenging the agency's award of the $123 fee. After conducting a hearing, the district court concluded that the Board's award of the $123 fee "with no consideration being given to the amount of work expended was arbitrary as a matter of law." The court also found that under NRS 18.010 attorney's fees should be awarded to respondent's counsel as a prevailing party, and that a reasonable attorney's fee for the legal work performed was $600. The district court then ordered that counsel's fee be increased to $600. This appeal followed. For the reasons set forth below, we reverse.

---

[1]NRS 612.705(2) provides:

> Any individual claiming benefits in any proceeding before the executive director or the board of review, or his or its representatives, or a court, may be represented by counsel or other duly authorized agent, but no such counsel or agents shall either charge or receive for such services more than an amount approved by the board of review.

We have repeatedly held that attorney's fees may not be awarded in the absence of a statute, rule or contract allowing them. Nevada Bd. Osteopathic Med. v. Graham, 98 Nev. 174, 643 P.2d 1222 (1982); State ex rel. List v. Courtesy Motors, 95 Nev. 103, 590 P.2d 163 (1979). We have also held that NRS 18.010 applies only to actions for money damages.[2] International Indus. v. United Mtg. Co., 96 Nev. 150, 606 P.2d 163 (1980). Since money damages were not requested in the judicial review proceedings below, the district court had no authority to award attorney's fees under NRS 18.010. *See* Nevada Bd. Osteopathic Med. v. Graham, *supra.*

Furthermore, when a decision of an administrative body is challenged, the function of the district court is "to review the evidence presented to the administrative body and ascertain whether that body acted arbitrarily or capriciously, thus abusing its discretion." Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282, 607 P.2d 581, 582 (1980) (footnote omitted). The district court's review is limited to the record before the agency. Nevada Industrial Comm'n v. Horn, 98 Nev. 469, 653 P.2d 155 (1982). In the present case, counsel's "Application for Fee" filed with the Board stated, in its entirety:

> PLEASE TAKE NOTICE that the undersigned requests that a fee be awarded to her for her successful representation of [employee Wayne Cory] at the administrative level.
> Please note that in setting the fee, this case had first to be processed in the Courts for remand.

In response to this request, the Board awarded the $123 fee. When counsel challenged this award in district court, however, counsel stated for the first time that she had expended eight hours in preparing her client's case and that $75 per hour was reasonable. The district court increased the award of fees to $600 in reliance on these allegations. In doing so, the district court considered matters not presented to the Board.[3] Consequently, the district court exceeded the scope of its review. *See* Nevada Industrial Comm'n v. Horn, *supra.*

---

[2]NRS 18.010(2)(a) authorizes the district court to award attorney's fees to a "plaintiff as prevailing party when the plaintiff has not recovered more than $10,000."

[3]There is no indication in the record before us that Cory's counsel requested leave to present this additional information pursuant to NRS 233B.140(3). Nor did Cory's counsel offer any reasons for failing to present this information to the Board in her application for fees. *See* Nevada Industrial Comm'n v. Horn, *supra.*

We conclude that the Board's award of a $123 fee in this case was neither arbitrary nor capricious. In light of the summary request for fees presented to the Board by Cory's counsel, the award representing ten percent of the claimant's benefits was reasonable. Accordingly, the order of the district court is reversed, and the award of $123 is reinstated.