IRMA WEAVER, Appellant, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, An Agency of the State of Nevada, Respondent.

No. 18416

June 28, 1988                                    756 P.2d 1195

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel Polsenberg,* Las Vegas, for Appellant.

*Pamela Bugge,* General Counsel, Carson City, and *Virginia L. Hunt,* Associate General Counsel, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The sole issue in this appeal is whether a claimant is entitled to an award of interest on workers' compensation benefits paid only after successful litigation. We conclude that the claimant is not so entitled.

Chapter 616 of the Nevada Revised Statutes sets forth a comprehensive system for the compensation of industrial injuries.

Because the system is uniquely legislative in nature, and alters the common law rights and liabilities of both employees and employers, we have previously refused to disturb the delicate balance created by the legislature by implying provisions not expressly included in the legislative scheme. *See* Goldstine v. Jensen Pre-Cast, 102 Nev. 630, 729 P.2d 1355 (1986). Although the legislature was aware that workers' compensation claims would often be litigated, and indeed provided the mechanism for judicial review of the decisions of the legislatively created agency which administers the workers' compensation statutes, the legislature did not provide that interest on delayed workers' compensation awards should be allowed.

Appellant contends that this court, in liberally construing the workers' compensation statutes, should infer an intention on the part of the legislature to allow interest on the delayed payment of workers' compensation benefits in order to effectuate the legislative policy to compensate injured workers fully. Appellant argues that such benefits may be awarded pursuant to general statutes and rules providing for interest on debts and judgments. *See, e.g.,* NRS 99.040; NRS 17.130; NRAP 37.

Workers' compensation statutes must be liberally construed to protect the worker. *See* SIIS v. Weaver, 103 Nev. 196, 734 P.2d 740 (1987). This general rule of statutory construction, however, cannot justify the inclusion in a statutory scheme of a substantive right that cannot be supported by any fair reading of the statutory scheme. By their own terms, NRS 99.040, NRS 17.130 and NRAP 37 do not purport to apply to an award of workers' compensation. Further, there is nothing in Chapter 616 of the Nevada Revised Statutes which could be read to authorize an award of interest. Our review of the legislative scheme as a whole convinces us that, if a policy consideration advocates that interest on workers' compensation awards should be allowed, the legislature is perfectly capable of implementing such a policy. We therefore decline to adopt the rule urged by appellant.[1]

We have considered appellant's remaining contentions, and we conclude that they lack merit. Accordingly, we affirm the order of the district court.

---

[1] We are aware that other courts have allowed interest in workers' compensation cases under general interest statutes. *See* Land & Marine Rental Co. v. Rawls, 686 P.2d 1187 (Alaska 1984); Tisdel v. Industrial Com'n of Ariz., 747 P.2d 599 (Ariz.App. 1987). Nevertheless, because the workers' compensation remedy is unique and exclusive, we decline to judicially mandate an award of interest in a workers' compensation case. *See* Haret v. SAIF, 697 P.2d 201, 204 (Or.App. 1985), *review denied,* 702 P.2d 1110 (Or. 1985) (appellate court refused to award interest in workers' compensation case where interest was not provided for by legislature).