STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, v. THOMAS W. WRENN, RESPONDENT.

No. 18763

October 24, 1988 762 P.2d 884

[Rehearing denied December 6, 1988]

*Pamela Bugge,* General Counsel, Carson City; *Douglas T. Quon,* Associate General Counsel, Las Vegas, for Appellant.

*R. Paul Sorenson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent Thomas Wrenn suffered an industrial injury to his left eye in 1961, and an additional injury to the eye in 1978, resulting in total disability of the eye. Appellant SIIS (then NIC), classified this injury as an outgrowth of the initial injury and allowed Wrenn compensation for complete loss of the eye based on the rate in effect in 1961, rather than in 1978. Wrenn appealed that determination, and the State Industrial Claimants' Attorney was appointed to represent him. *See* NRS 616.2535 and 616.2537. After the appeals officer affirmed SIIS's decision, the State Industrial Claimants' Attorney declined any further representation of Wrenn because, in his opinion, no appeal to the district court was merited. *See* NRS 616.2537(2)(b). Wrenn then retained private counsel and pursued a successful petition for judicial review in the district court. This court subsequently affirmed the district court's decision that the 1978 injury to Wrenn's eye was separate and unrelated to the 1961 injury and should be compensated at the rate in effect in 1978. *See* SIIS v. Wrenn, Order Dismissing Appeal, Supreme Court Docket No. 14997 (filed March 11, 1985).

Following this court's decision, Wrenn filed a claim for, among other things, attorney's fees incurred in pursuing the appeals and interest on the delayed payment of benefits. Wrenn's claim was denied in full. On appeal, the appeals officer determined that Wrenn was entitled to interest on the award benefits, but denied him attorney's fees. Both Wrenn and the SIIS petitioned the district court for review of this decision. The district court consolidated the actions, and, concluding that Wrenn was entitled to both interest and attorney's fees, affirmed the award of interest and reversed the denial of attorney's fees. SIIS now appeals the district court's order. For the reasons expressed below, we conclude that Wrenn is not entitled to recover either interest or attorney's fees.

SIIS first contends that the district court erroneously awarded Wrenn interest on the delayed payment of his worker's compensation benefits. Specifically, SIIS argues that the Nevada Industrial Insurance Act (NRS Ch. 616) includes no provision for such an

award, and that neither NRS 99.040 nor NRS 17.130 provide authority for such an award. This court recently decided the identical issue in Weaver v. SIIS, 104 Nev. 305, 756 P.2d 1195 (1988). Although Wrenn implicitly concedes that *Weaver* bars the recovery of interest on the delayed payment of compensation benefits, he urges this court to follow Imperial Palace v. Dawson, 102 Nev. 88, 715 P.2d 1318 (1986), and award him interest as a sanction against the SIIS for the delay in payment. Because the record on appeal does not reveal that the delay in payment of worker's compensation benefits was due to any arbitrary conduct or bad faith practice of the SIIS, we conclude that sanctions are not warranted. We also reject Wrenn's alternative argument that if interest is not awarded, the SIIS should compensate him for his injury at the rate in effect at the time of payment to eliminate the inequities resulting from delayed payment. NRS 616.625 states that the amount of compensation *must* be determined as of the date of injury, unless otherwise provided by *specific* statute. No statute provides for compensation at the rate Wrenn suggests. Therefore, NRS 616.625 establishes compensation as of the date of injury. *i.e.*, 1978.

SIIS next contends that the district court erroneously granted Wrenn attorney's fees because the Nevada Industrial Insurance Act contains no express provision for the allowance of attorney's fees, with two exceptions inapplicable to this case. *See* NRS 616.544 and 616.647. SIIS also argues that, pursuant to State Indus. Ins. System v. Snapp, 100 Nev. 290, 680 P.2d 590 (1984), attorney's fees are not recoverable under NRS 18.010 in worker's compensation cases. Wrenn, on the other hand, argues that he did not voluntarily retain private counsel to represent him, but was deprived of representation under NRS 616.2535 and 616.2537, and that *Snapp* therefore is inapplicable. Wrenn contends that when the State Industrial Claimants' Attorney is appointed to represent a claimant, and then declines to represent the claimant on appeal from an adverse agency decision, the claimant is entitled to attorney's fees if he successfully appeals with the assistance of privately retained counsel. Because the State Industrial Claimants' Attorney erroneously determined that no appeal of the agency decision to compensate Wrenn at the 1961 rate was merited, Wrenn argues that he is entitled to legal representation without charge under the Nevada Industrial Insurance Act.

NRS 616.2535 and NRS 616.2537 do not mandate the appointment of the State Industrial Claimants' Attorney to represent all claimants free of charge in proceedings before either the appeals officer or the district court. Under NRS 616.2535, the appeals officer must appoint the State Industrial Claimants' Attorney to

represent a claimant when the "appeals officer finds that the claimant would be better served by legal representation in his case." Further, once appointed, the State Industrial Claimants' Attorney is obligated to represent the claimant at the district court level only "if, in the opinion of the state industrial claimants' attorney, the appeal is merited." *See* NRS 616.2537(2)(b). Further, the legislature has not expressly authorized an award of attorney's fees in worker's compensation cases except in limited circumstances not applicable here. We have repeatedly refused to imply provisions not expressly included in the legislative scheme. *See, e.g., Weaver,* 104 Nev. at 305, 756 P.2d at 1195; Goldstine v. Jensen Pre-Cast, 102 Nev. 630, 729 P.2d 1355 (1986). As in *Snapp,* we decline to allow a claimant recovery of attorney's fees in a worker's compensation case absent express statutory authorization.

In light of our disposition of this appeal, we need not consider appellant's remaining contention. We reverse the order of the district court.[1]

---

[1]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.