Zenon A. DOMANSKI, Plaintiff,

v.

FUNTIME, INC., Defendant.

No. 5:92CV0421.

United States District Court,
N.D. Ohio, E.D.

April 27, 1993.

Zenon A. Domanski, pro se.

Richard J. Rymond, Gregory R. Chemnitz, Donald J. Moracz, Reminger & Reminger, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

DOWD, District Judge.

Before the Court is the defendant's motion to assess costs (Docket # 63) pursuant to Fed.R.Civ.P. 68. The *pro se* plaintiff has not filed a brief in opposition. For the reasons discussed below, the motion is denied.

### I. BACKGROUND

On March 2, 1992, plaintiff Zenon A. Domanski ("Domanski") filed this action alleging copyright infringement by defendant Funtime, Inc. ("Funtime"). As relief Domanski sought compensatory and punitive damages as well as preliminary and permanent injunctive relief in the form of an order enjoining Funtime from further infringement of his copyright.[1]

On November 16, 1992, defendant Funtime, Inc. filed an offer of judgment which stated in its entirety:

> Now comes Defendant, Funtime, Inc., by and through counsel, pursuant to Rule 68 of the Federal Rules of Civil Procedure, and makes an offer of judgment in the amount of $9,500.

Plaintiff refused the offer of judgment and the case proceeded to trial before a jury. On March 8, 1993, the jury returned its verdict in favor of Domanski and awarded him $5,581.90 in damages. On March 16, 1993, the Court entered judgment on behalf of Domanski and against Funtime in that amount.

Subsequently, upon motion of the *pro se* plaintiff to alter or amend the judgment, the Court issued a Memorandum Opinion and Amended Judgment Entry awarding not only $5,581.90 in damages, but also permanently enjoining Funtime from infringing Domanski's copyright. The Court also ordered that Funtime destroy all plastic bags bearing plaintiff's copyrighted design and cease the sale of such bags in every amusement park which it operates. *See,* Memorandum Opinion and Amended Judgment Entry, Docket ## 65 and 66.

Defendant now seeks costs of $4,506.32 and attorney fees in the amount of $13,060.00, pursuant to Fed.R.Civ.P. 68.

### II. THE PROVISIONS OF RULE 68

Rule 68 of the Federal Rules of Civil Procedure provides, in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

This Court has no discretion regarding whether to assess costs under Rule 68 if the judgment obtained by the plaintiff was "not more favorable than the offer." *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 295 (6th Cir.1989).

The Court also notes that, under Rule 68, attorney fees may be assessed as costs only where an underlying statute defines "costs" to include attorney fees. *Marek v. Chesny,* 473 U.S. 1, 8–9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985).

In the instant case seeking relief for copyright infringement, the relevant statute is 17 U.S.C. § 505, which specifically states that the court "may ... award a reasonable attorney's fee to the *prevailing party* as part of the costs." (Emphasis added). Since defendant was not the prevailing party in this action, it is not entitled to seek attorney fees as part of its costs. Thus, if the Court decides that defendant is entitled to costs, such costs may not include any amount for attorney fees.

---

1. When the lawsuit was filed, Domanski was represented by counsel. However, counsel subsequently moved for and was granted leave to withdraw. Thereafter, Domanski proceeded on his own, even to the point of representing himself, rather ably in this Court's view, at the trial before a jury.

### III.  DISCUSSION

The threshold question for this Court in determining defendant's right to costs is whether plaintiff's judgment was more or less favorable than defendant's offer of judgment. *Spencer v. General Electric Co.*, 894 F.2d 651, 663 (4th Cir.1990) ("A court's task under the Rule [68] is to compare the offer of 'judgment' to the 'judgment finally obtained' by the offeree and determine if the latter is more favorable than the former.")

This Court finds that the judgment obtained by Domanski was more favorable than Funtime's offer because it included permanent injunctive relief that was not in the offer, which only provided for a monetary judgment.  This permanent injunctive relief, though admittedly difficult to quantify, adds considerable value to the "judgment finally obtained" by Domanski when compared to the judgment offered by Funtime.[2]

Accordingly, finding that the judgment obtained was more favorable than the offer of judgment, this Court hereby denies defendant Funtime's motion to assess costs pursuant to Fed.R.Civ.P. 68.

IT IS SO ORDERED.

---

**2.**  Absent injunctive relief, Funtime could have conceivably continued to infringe Domanski's copyright, making the recovery of $9500 in this one case practically worthless and certainly meaningless.