*783
 
 OPINION
 

 Per Curiam:
 

 On November 22, 1989, appellant Welfare Division of the Nevada State Department of Human Resources (“Welfare Division”) terminated respondent Terry M. Fowler (“Fowler”) from his position as a computer system programmer because he allowed another individual to have unauthorized access to the Welfare Division’s computer system. Fowler appealed the termination to the Personnel Commission hearing officer.
 

 After a three-day personnel hearing, the hearing officer found that Fowler violated the Welfare Division’s requirements in permitting the unauthorized access to the computer system. Finding no further evidence of indiscretions on Fowler’s part, the hearing officer held that Fowler’s discipline must be progressive, and that the Welfare Division was not justified in terminating Fowler. The hearing officer ordered the Welfare Division to reinstate Fowler with full back pay and benefits, minus offsets for Fowler’s earnings during the period between his termination and reinstatement. The hearing officer further held that the reversal and reinstatement “is without prejudice to the right of the employer to impose lesser discipline, up to and including either 90 days’ suspension without pay or demotion for the conduct established at trial in this matter.” Fowler returned to work at the Welfare Division on October 15, 1990.
 

 Although the hearing officer reinstated Fowler’s employment, Fowler filed a petition for judicial review. Fowler challenged the hearing officer’s finding that the Welfare Division was entitled to offset Fowler’s earnings subsequent to his termination in arriving at the amount of back wages to be paid. Fowler also challenged the portion of the hearing officer’s decision which permitted the Welfare Division to impose lesser discipline. The Welfare Division cross-petitioned, challenging the hearing officer’s rulings that Fowler’s termination was unjustified and that Fowler was entitled to reinstatement with full back pay and benefits.
 

 The district court held that the Welfare Division was not justified in terminating Fowler, that the Welfare Division could
 
 *784
 
 impose lesser discipline on Fowler, and that the Welfare Division could offset Fowler’s earnings from employment subsequent to termination in arriving at a net sum to pay him for back wages. The district court reduced Fowler’s period of suspension and found that Fowler was entitled to interest from the time the wages became due and owing to him until paid. On May 8, 1991, Fowler’s attorney filed a motion for attorney’s fees and costs pursuant to NRS 18.010(2) and NRS 608.140 on the grounds that Fowler was a prevailing party.
 

 In its Findings of Fact, Conclusions of Law and Judgment entered June 4, 1991, the district court awarded Fowler attorney’s fees in the amount of $13,125.00 and interest to be calculated by his attorney. On June 17, 1991, the Welfare Division filed a motion to alter or amend the judgment. On November 19, 1991, the court denied the motion to alter or amend, and served written notice of the order’s entry on January 13, 1992. The Welfare Division appeals the order awarding attorney’s fees and interest.
 

 DISCUSSION
 

 Attorney’s Fees
 

 The Welfare Division contends that the district court erred in awarding attorney’s fees to Fowler because there is no statutory authority for the award. The established rule is that a court may not award attorney’s fees unless authorized by statute, rule or contract. Nevada Bd. Osteopathic Med. v. Graham, 98 Nev. 174, 175, 643 P.2d 1222, 1223 (1982); State ex rel. List v. Courtesy Motors, 95 Nev. 103, 108, 590 P.2d 163, 166 (1979).
 

 Fowler brought the instant action pursuant to a petition for judicial review of an agency’s disciplinary action against an employee. The Welfare Division disciplined Fowler pursuant to NRS 284.383
 
 [1]
 
 and 284.385.
 
 [2]
 
 Fowler appealed the agency’s disci
 
 *785
 
 plinary action under NRS 284.390.
 
 [3]
 
 The hearing officer’s decision was subject to judicial review pursuant to NRS 284.390(7)
 
 [4]
 
 and NRS 233B.130.
 
 [5]
 

 First, NRS Chapter 284 does not authorize an award of attorney’s fees in an administrative disciplinary proceeding or appeal therefrom. The only remedy set forth in NRS Chapter 284 is as follows:
 

 If the hearing officer determines that the dismissal, demotion or suspension was without just cause as provided in NRS 284.385, the action must be set aside and the employee must be reinstated, with full pay for the period of dismissal, demotion or suspension.
 

 NRS 284.390(5).
 

 Second, this court has previously held that NRS Chapter 233B applies to judicial review of disciplinary action taken by the Welfare Division.
 
 See
 
 Navarro v. State ex rel. Dep’t Human Res., 98 Nev. 562, 655 P.2d 158 (1982). NRS 233B. 130(6) provides: “The provisions of this chapter are the exclusive means of judicial review of, or judicial action concerning a final decision in a contested case involving an agency to which this chapter applies.” NRS 233B.130 does not contain any specific language authorizing the award of attorney’s fees in actions involving petitions for judicial review of agency action.
 

 1.
 
 NRS 18.010
 

 In State Indus. Ins. System v. Snapp, 100 Nev. 290, 293, 680 P.2d 590, 592 (1984), Snapp petitioned the district court under NRS 233B.130 for review of the appeals officer’s decision. The district court awarded him attorney’s fees pursuant to NRS 18.010
 
 [6]
 
 , not pursuant to any provision of NRS Chapter 233B.
 
 Id.
 
 This court reversed the attorney’s fees award pursuant to NRS 18.010 because it was not an action for money damages.
 
 Id.
 
 at
 
 *786
 
 294, 680 P.2d at 592;
 
 see
 
 McCracken v. Cory, 99 Nev. 471, 473, 664 P.2d 349, 350 (1983). In SIIS v. Wrenn, 104 Nev. 536, 537, 762 P.2d 884, 885 (1988)
 
 cert. denied,
 
 490 U.S. 1080 (1989), the district court awarded the respondent attorney’s fees following his successful petition for judicial review of a worker’s compensation claim. In reversing the award, this court stated that “the legislature has not expressly authorized an award of attorney’s fees in worker’s compensation cases except in limited circumstances not applicable here. We have repeatedly refused to imply provisions not expressly included in the legislative scheme.” Id. at 539, 762 P.2d at 886;
 
 see also
 
 Weaver v. SIIS, 104 Nev. 305, 306, 756 P.2d 1195, 1196 (1988); Goldstine v. Jensen Pre-Cast, 102 Nev. 630, 632, 729 P.2d 1355, 1356-57 (1986).
 

 Fowler contends that the district court erred in not granting attorney’s fees pursuant to NRS 18.010. The district court stated that Fowler was not entitled to an award of attorney’s fees under NRS 18.010 because it was not a case for money damages.
 
 See
 
 McCracken v. Cory, 99 Nev. 471, 473, 664 P.2d 349, 350 (1983); International Indus. v. United Mtg. Co., 96 Nev. 150, 156-57, 606 P.2d 163, 167 (1980). The instant case involved reinstatement and Ml back pay and benefits. Therefore, because Fowler did not request money damages in the judicial review proceedings below, the district court did not have any authority to award attorney’s fees under NRS 18.010.
 

 2.
 
 NRS Chapter 608
 

 Although it did not find authority for an attorney’s fees award under NRS 18.010, the district court found enabling authority for the award in NRS 608.140.
 
 [7]
 
 The Welfare Division contends that the district court erred because NRS Chapter 608 governs disputes only between private employers and their employees. The chapter does not apply to a disciplinary action by a public employer against a public employee pursuant to NRS 284.383 and 284.385.
 

 The legislative declaration of the purpose of NRS Chapter 608 is contained in NRS 608.005, which provides:
 

 
 *787
 
 The legislature hereby finds and declares that the health and welfare of workers and
 
 the employment of persons in private enterprise in this state
 
 are of concern to the state and that the health and welfare of persons required to earn their livings by their own endeavors require certain safeguards as to hours of service, working conditions and compensation therefore.
 

 (Emphasis added.) This declaration indicates that the Nevada Legislature enacted NRS Chapter 608 to address private employment issues; the chapter does not address public employment. In fact, NRS 608.0113 defines “private employment” as “all employment other than employment under the direction, management, supervision and control of this state or any county, city or town therein, or any office or department thereof.”
 
 See also
 
 Op. Nev. Atty. Gen. 81-9 (Sept. 24, 1981) (“[W]e have reached the conclusion that Chapter 608 of NRS in its entirety is not applicable to the State of Nevada, because this chapter was intended to control private employment only.”).
 

 Fowler asserts that there is no rational basis for distinguishing between public and private employers for the purposes of NRS Chapter 608. He contends that such a distinction violates equal protection of the law under the Nevada and United States Constitutions. This argument is unpersuasive. This classification does not affect a fundamental right or involve a suspect or quasi-suspect classification. Therefore, under equal protection analysis, this court must uphold the statute if it is rationally related to a legitimate government purpose. In its brief, the Welfare Division sets forth the following rationale for distinguishing between public and private employers:
 

 Generally, a private employee is hired on an at-will basis and wages earned and found due are actual wages for which the employee put in his time on the job. Permanent public employees, on the other hand, may not be terminated except for cause. There is a procedure under which permanent employees may seek to overturn the decision terminating their employment and reinstating them to their position with full pay for the period during which they were wrongfully separated from the State service. Chapter 608 provides a procedure whereby private employees may collect wages which they have earned and attorney’s fees upon their successful action against the employer. There is no such provision in either Chapter 284, which deals with public employees, nor Chapter 233B, the Administrative Procedure Act.
 

 
 *788
 
 Because a rational basis exists for distinguishing between public and private employees, we conclude that Fowler’s equal protection argument is without merit.
 

 Based on the foregoing, we conclude that NRS Chapter 608 is not applicable to a situation involving a public employee; therefore, the district court could not award attorney’s fees to Fowler under NRS 608.140.
 

 Fowler brought the instant action pursuant to the provisions of NRS Chapters 284 and 233B. Because neither of these chapters authorize an award of attorney’s fees and NRS 18.010 is inapplicable in the instant case, we conclude that the district court erred in making such an award.
 

 Prejudgment Interest
 

 In its judgment, the district court stated that Fowler was “entitled to interest upon the back wages commencing from the time the wages became due and owing to him, and the interest should be assessed on each of those installments, at the legal rate specified in NRS 99.040.” The Welfare Division disputes the district court’s award of interest pursuant to NRS 99.040. Moreover, the Welfare Division contends that neither NRS Chapter 233B, which relates to judicial review of agency action, nor NRS Chapter 284, which relates to disciplinary action and reinstatement of an employee, allows for interest.
 

 NRS 99.040(l)(d) provides in pertinent part:
 

 1. When there is no express contract in writing fixing a different rate of interest, interest must be allowed . . . (d) Upon wages or salary, if it is unpaid when due, after demand therefor has been made.
 

 This court addressed the issue of interest in the context of a petition for judicial review in Weaver v. SIIS, 104 Nev. 305, 306, 756 P.2d 1195, 1196 (1988) (citation omitted):
 

 Workers’ compensation statutes must be liberally construed to protect the worker. This general rule of statutory construction, however, cannot justify the inclusion in a statutory scheme of a substantive right that cannot be supported by any fair reading of the statutory scheme. By their own terms, NRS 99.040, NRS 17.130 and NRAP 37 do not purport to apply to an award of workers’ compensation. Further, there is nothing in Chapter 616 of the Nevada Revised Statutes which could be read to authorize an award of interest. Our review of the legislative scheme as a whole convinces us
 
 *789
 
 that, if a policy consideration advocates that interest on workers’ compensation awards should be allowed, the legislature is perfectly capable of implementing such a policy.
 

 The instant case presents a similar situation. By its terms, NRS 99.040 does not apply to disciplinary action taken under NRS Chapter 284. Moreover, Chapter 284 does not contain any language that specifically authorizes an award of interest.
 
 See
 
 NRS 284.390(5) (statute provides only for reinstatement with full pay). When this court fails to find authorization for an interest award in a workers’ compensation statute, a statute which this court typically construes liberally, we conclude that there is less impetus for this court to find an award of interest in NRS 284.390(5). If the Legislature intended to include interest on full pay pursuant to reinstatement, it could have included such a provision in NRS 284.390(5). However, based on a plain reading of the statute, the Legislature did not.
 

 NRS 99.040 does not apply to a petition for judicial review of a disciplinary action pursuant to NRS Chapters 233B and 284. We therefore conclude that the district court improperly awarded interest to Fowler.
 

 Conclusion
 

 NRS Chapters 233B and 284 do not permit Fowler the recovery of attorney’s fees or interest. We have considered all other assignments of error and conclude that they lack merit. Accordingly, we reverse the district court’s award of attorney’s fees and interest.
 
 [8]
 

 [1]
 

 NRS 284.383 provides:
 

 The commission shall adopt by regulation a system for administering disciplinary measures against a state employee in which, except in cases of serious violations of law or regulations, less severe measures are applied at first, after which more severe measures are applied only if less severe measures have failed to correct the employee’s deficiencies.
 

 [2]
 

 NRS 284.385(1) provides:
 

 1. An appointing authority may:
 

 (a) Dismiss or demote any permanent classified employee when he considers that the good of the public service will be served thereby.
 

 (b) Suspend without pay, for disciplinary purposes, a permanent employee for a period not to exceed 30 days.
 

 NRS 284.385(2) sets forth the procedures for notifying an employee of dismissal, demotion or suspension.
 

 [3]
 

 NRS 284.390 provides for a hearing to determine the reasonableness of the dismissal, demotion or suspension, and judicial review.
 

 [4]
 

 NRS 284.390(7) provides that “[a]ny petition for judicial review of the decision of the hearing officer must be filed in accordance with the provisions of chapter 233B of NRS.”
 

 [5]
 

 NRS 233B. 130 provides that “[a]ny party aggrieved by a final decision in a contested case is entitled to judicial review thereof under this chapter.” NRS 233B.130 sets forth the procedures for filing a petition for judicial review.
 

 [6]
 

 NRS 18.010 provides in relevant part:
 

 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney’s fees to a prevailing party:
 

 (a) When he has not recovered more than $20,000 . . .
 

 [7]
 

 NRS 608.140 provides as follows:
 

 Assessment of attorney’s fees in action for recovery of wages. Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.
 

 [8]
 

 The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.