An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONNA COLE-MONAHAN, AS
ADMINISTRATOR OF THE ESTATE
OF BRUCE E. MONAHAN,
Appellant/Cross-Respondent,
vs.
DONA L. SALVO,
Respondent/Cross-Appellant.

No. 62849

FILED

NOV 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal and cross-appeal from a district court post-judgment order awarding attorney fees and costs. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Bruce E. Monahan, whose estate now appeals and cross-responds, and respondent/cross-appellant Dona L. Salvo were neighbors in a common-interest community in Sparks. Alleging that Monahan's trees encroached onto her property causing a nuisance and a trespass in violation of the common-interest community's covenants, conditions, and restrictions (CC&Rs), Salvo sued Monahan, seeking damages and injunctive relief. Before trial, Monahan made an offer of judgment of $20,001 to resolve Salvo's claims, which Salvo did not accept. At trial, the jury found for Salvo and awarded her $10,700 in damages. The jury also issued advisory verdicts recommending the removal of nine trees and an injunction prohibiting Monahan from planting additional invasive trees. The district court adopted the advisory verdicts.

After trial, Monahan and Salvo each filed motions for attorney fees and costs. The district court denied Monahan's motion and granted Salvo's motion. The district court found that Salvo was a prevailing party

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36297

and awarded fees for work performed by her attorney. However, it declined to award fees for work performed by Salvo's attorney's paralegal. The district court also awarded costs to Salvo, including $4,875 for one expert's fee.

After this appeal was filed and briefed, Monahan died and was replaced by his estate as a party to this lawsuit. Monahan's estate now appeals the orders regarding attorney fees and costs. Salvo cross-appeals the district court's order denying her motion for attorney fees for her attorney's paralegal's work.

The issues on appeal and cross-appeal are: (1) whether the district court abused its discretion in awarding attorney fees to Salvo for work performed by her attorney, (2) whether the district court abused its discretion by refusing to award attorney fees to Salvo for work performed by her attorney's paralegal, and (3) whether the district court abused its discretion by awarding costs to Salvo.[1]

*The district court did not abuse its discretion by awarding attorney fees for work performed by Salvo's attorney but abused its discretion by refusing to award attorney fees for work performed by Salvo's attorney's paralegal*

Monahan's estate argues that the district court abused its discretion by awarding attorney fees to Salvo because Salvo did not improve upon Monahan's offer of judgment. Alternatively, it contends that the district court could not have awarded attorney fees to Salvo because NRS 17.115 and NRCP 68 do not allow an offer of judgment in

---

[1]Monahan's estate waived the issue of whether the district court abused its discretion when it denied Monahan's motion for attorney fees by not briefing that issue on appeal. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. ___, ___ n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived.").

cases involving demands for equitable relief. Monahan's estate also argues that the district court erroneously found that NRS 116.4117 authorized the award of attorney fees to Salvo.

The decision "to award attorney's fees is within the sound discretion of the trial court" and one which we review for an abuse of discretion. *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993). When a district court "exercises its discretion in clear disregard of the guiding legal principles, this action may constitute an abuse of discretion." *Id.* Furthermore, "a court may not award attorney's fees unless authorized by statute, rule or contract." *State, Dep't of Human Res. v. Fowler*, 109 Nev. 782, 784, 858 P.2d 375, 376 (1993).

*Salvo was a prevailing party who improved upon Monahan's offer of judgment*

A party prevails "if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing the suit." *Hornwood v. Smith's Food King No. 1*, 105 Nev. 188, 192, 772 P.2d 1284, 1287 (1989) (internal quotations omitted); *see also Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005) (stating the same when considering prevailing party status in the context of an award of attorney fees under NRS 18.010). Here, Salvo obtained most of the remedies she sought and received favorable verdicts on the causes of action that were decided by the jury. Therefore, she was the prevailing party.

NRS 17.115(1) and NRCP 68(a) each authorize a party in litigation to make an offer of judgment to its adversary. If the offeree rejects the offer and does not improve upon it, the offeree may not recover costs or attorney fees and may be liable for the offeror's attorney fees and costs for "the period from the date of service of the offer to the date of

entry of the judgment." NRS 17.115(4); *see also* NRCP 68(f). However, if the offeree improves upon the offer of judgment, then NRS 17.115 and NRCP 68 do not limit its ability to recover attorney fees or costs. *See* NRS 17.115(4)(a)-(b); *see also* NRCP 68(f). Neither NRS 17.115 nor NRCP 68 prevents a party from making a monetary offer of judgment when a party is seeking both legal and equitable relief. Since Monahan made a monetary offer to resolve claims seeking both legal and equitable relief, he made a valid offer of judgment.

Equitable relief can be both hard to appropriately appraise and highly valuable. *See, e.g., Domanski v. Funtime, Inc.*, 149 F.R.D. 556, 558 (N.D. Ohio 1993) (holding in a copyright infringement case that "permanent injunctive relief [prohibiting the defendant's unauthorized use of copyrighted material], though admittedly difficult to quantify, adds considerable value to the judgment finally obtained by [the plaintiff] when compared to the judgment offered" (internal quotations omitted)). Therefore, it may not be readily apparent if a judgment that includes equitable relief is more or less valuable than the monetary offer of judgment.

When a monetary offer is made in a case involving equitable relief, the offeror "bears the burden of showing that [an offer of judgment] was more favorable than the judgment." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 231 (2d Cir. 2006) (applying FRCP 68, a rule similar to NRCP 68)[2]; *see also Greene v. Eighth Judicial Dist. Court*, 115 Nev. 391,

---

[2]Though they are mostly similar, FRCP 68 and NRCP 68 differ in one key aspect: FRCP 68 only allows an offeror to recover post-offer costs, while NRCP 68 allows an offeror to recover post-offer costs *and* attorney fees.

SUPREME COURT
OF
NEVADA

(O) 1947A

393, 990 P.2d 184, 185 (1999) (holding that federal caselaw interpreting federal rules that are analogous to Nevada rules is persuasive authority); *Danow v. Law Office of David E. Borack, P.A.*, 367 F. App'x 22, 24 (11th Cir. 2010) (holding that because an offeror "failed to show how [an offeree's] ultimate recovery . . . was not more favorable than the [o]ffer of [j]udgment," the offeree was eligible to recover attorney fees (internal quotations omitted)). Thus, Monahan had the burden of showing that Salvo did not improve upon his offer of judgment.

In his briefing before the district court, Monahan provided no analysis to demonstrate that Salvo failed to improve upon the offer of judgment. The district court then found that Salvo improved upon Monahan's offer of judgment because the actual judgment included significant equitable relief not included in the offer that protected Salvo from "recurring problems caused by [Monahan's] trees." Thus, the district court did not abuse its discretion by finding that Salvo improved upon the offer of judgment. Accordingly, the penalties for rejecting an offer of judgment are inapplicable.

*NRS 116.4117 authorizes the award of attorney fees to Salvo*

NRS 116.4117(2) authorizes an individual or entity that is part of a common-interest community to bring "a civil action for damages or other appropriate relief for a failure or refusal to comply with any provision of [NRS Chapter 116] or the governing documents of [the community]," including the community's CC&Rs, against another individual or entity affiliated with the community. NRS 116.4117(6) provides that in a CC&R-based action, "[t]he [district] court may award reasonable attorney's fees to the prevailing party." Since the verb "may" in this statute is permissive, *see State of Nev. Emps. Ass'n, Inc. v. Daines*, 108 Nev. 15, 19, 824 P.2d 276, 278 (1992) (providing that the use of the

verb "may" in a statute is generally permissive), NRS 116.4117(6) authorizes the district court to award attorney fees to a party who prevails in a CC&R-based lawsuit.

Because Salvo was the prevailing party, she could recover attorney fees if her lawsuit sought "damages or other appropriate relief for a failure or refusal to comply with" the common-interest community's CC&Rs. NRS 116.4117(2); *see also* NRS 116.4117(6). In relevant part, the community's CC&Rs provide that "[n]o Owner shall permit or suffer anything to be done or kept in any Lot or any portion of the Common Area which will obstruct or interfere with the rights of other occupants, or annoy them by unreasonable noise or otherwise." Thus, Salvo's allegations of nuisance and trespass constituted CC&R-based claims brought pursuant to NRS 116.4117(2). Since Salvo prevailed upon these claims, NRS 116.4117(6) authorized Salvo's recovery of attorney fees.

*The district court did not abuse its discretion in awarding attorney fees to Salvo for the work performed by her attorney*

In its order awarding attorney fees, the district court stated that it "considered the record in its entirety, and [found that Salvo] demonstrated that she brought an action pursuant to NRS 116.4117 alleging a violation of the common-interest community's 'governing documents,' pursuant to which she [was] entitled to attorney's fees." The district court reviewed the attorney fee factors set out in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), and stated that it considered the documentation of attorney fees that Salvo submitted. It then awarded what it found to be reasonable attorney fees.[3]

---

[3]Monahan's estate's challenge to the district court's use of the term "entitled" in its order awarding attorney fees is without merit. The use of

*continued on next page...*

Since the district court identified the legally appropriate factors that it considered in awarding attorney fees and relied upon the documentation in the record, it did not abuse its discretion and we affirm this portion of the district court's order.

*The district court abused its discretion by refusing to award attorney fees to Salvo for the work performed by her attorney's paralegal*

Recoverable attorney fees can "include[ ] charges for [work performed by] persons such as paralegals and law clerks" so long as that work was "billed at a lower rate" than the rate charged for the attorney's work. *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev. ___, ___, 312 P.3d 503, 510 (2013). This type of work may be recoverable when it helps reduce litigation costs by having a non-attorney perform work that the attorney would otherwise perform and do so at a lower cost. *Id.* Thus, attorney fees may be awarded for a paralegal's work.

In its order, the district court did not analyze whether the work performed by Salvo's attorney's paralegal was actually unrecoverable work when it refused to award attorney fees for this work. Because the district court did not apply *Yeghiazarian* when determining if the paralegal's work in this case was recoverable, it abused its discretion with regard to Salvo's motion for attorney fees related to this work. Therefore, we reverse the district court's denial of Salvo's motion for attorney fees and remand this issue for further consideration by the district court.

---

*...continued*
this term does not show that the district court believed an award of attorney fees was mandatory. Instead, it denotes that the district court found that Salvo was eligible to recover attorney fees.

*The district court abused its discretion by awarding costs for Salvo's expert witness*

Monahan's estate argues that the district court improperly awarded costs to Salvo because NRS 18.020 does not authorize an award of costs in cases involving equitable claims. Monahan's estate also contends that the district court's award of costs for Salvo's expert was excessive. It does not challenge the reasonableness of any other costs awarded to Salvo.

Though we review a district court's award of costs for an abuse of discretion, *Village Builders 96, L.P. v. U.S. Laboratories, Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005), we review its interpretation of a statute de novo. *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792 (2006).

*NRS 18.020 authorized the district court to award costs in this case*

NRS 18.020(3) authorizes a district court to award costs to a party who prevails in a civil action "where the plaintiff seeks to recover more than $2,500." NRS 18.020 does not identify damages as the sole relief that must be sought in order for NRS 18.020(3) to apply. Nor does this statute preclude the award of costs when a party seeks both legal and equitable relief. Thus, NRS 18.020(3) authorizes the award of costs to a prevailing party where the plaintiff sought at least $2,500 without regard to whether the plaintiff also sought equitable relief.

Since Salvo sought over $10,000 in compensatory damages, NRS 18.020(3) allowed her to recover costs. Therefore, the district court did not err in finding that Salvo was eligible to recover costs.

SUPREME COURT
OF
NEVADA

(O) 1947A

*The district court abused its discretion by awarding Salvo's expert's costs*

NRS 18.005(5) allows an award of costs to include "[r]easonable fees . . . in an amount of not more than $1,500 for each [expert] witness, unless the court allows a larger fee after determining that the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee." Therefore, this statute authorized the district court to include expert witness fees in excess of $1,500 per expert when awarding costs.[4]

To be recoverable, costs "must be actual and reasonable." *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998). A party must provide documentation to demonstrate that a cost was actually incurred. *Vill. Builders 96*, 121 Nev. at 277-78, 112 P.3d at 1093; *see also Gibellini v. Klindt*, 110 Nev. 1201, 1206, 885 P.2d 540, 543 (1994) (reversing part of an order awarding costs because the party failed to document its actual costs). Detailed documentation, such as itemization, may be necessary to demonstrate the reasonableness of costs. *See Bobby Berosini, Ltd.*, 114 Nev. at 1353, 971 P.2d at 386.

Though the district court concluded that Salvo "ha[d] demonstrated [that] she reasonably and necessarily incurred expert

---

[4]Monahan's argument that a district court should be required to preapprove expert witness fees that are in excess of $1,500 is without merit because it would require us to deviate from NRS 18.005's plain meaning by reading additional language into this statute. *See Williams v. United Parcel Servs.*, 129 Nev. ___, ___, 302 P.3d 1144, 1147 (2013) (refusing to deviate from the plain meaning of a statute and rejecting arguments that would require reading additional language into a statute).

witness fees in the amount of $4,875," its order did not state that it considered any documentation of the expert's fees. While Salvo's memorandum of costs presented the amount of her expert's fees and stated that the expert's invoices were attached to it, the invoices were not included in the appellate record. Nor does the appellate record demonstrate that the invoices were actually provided to the district court.

Even if the expert witness's invoices were submitted to the district court, neither the district court's order nor the record on appeal show that they contained sufficient detail to demonstrate the reasonableness or necessity of the expert's fees. Therefore, the district court abused its discretion by not demonstrating that it considered adequate documentation of Salvo's expert witness fees when awarding this cost. Thus, we reverse and remand this award of costs for further consideration and a determination of whether it is supported by adequate documentation.

*Conclusion*

Salvo prevailed in a lawsuit based on a community association's CC&Rs. Monahan's estate did not demonstrate that Salvo failed to improve upon Monahan's offer of judgment. Therefore, Salvo was entitled to recover attorney fees pursuant to NRS 116.4117(6). Though the district court did not abuse its discretion when awarding attorney fees for Salvo's attorney's work, it abused its discretion by not determining if the attorney fees relating to the paralegal's work were recoverable before denying them. While NRS 18.020(3) authorized the district court to award costs in this case because Salvo sought more than $2,500, the district court abused its discretion by awarding costs for Salvo's expert since the record

does not demonstrate that they were adequately documented.[5] Therefore we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for consideration of Salvo's motion for attorney fees for her attorney's paralegal's work and a determination of whether adequate documentation supports an award of costs for Salvo's expert's fees.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:   Hon. Janet J. Berry, District Judge
      David Wasick, Settlement Judge
      Upson Smith/Reno
      Carole Pope
      Washoe District Court Clerk

---

[5]We have considered the parties' remaining arguments and conclude that they are without merit.