134 Nev., Advance Opinion 14

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHAD ZENOR,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>DEPARTMENT OF<br>TRANSPORTATION,<br>Respondent. | No. 71790 |



FILED

MAR 01 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a post-judgment motion for attorney fees and costs in an employment matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

*Affirmed.*

Oshinski & Forsberg, Ltd., and Mark Forsberg, Carson City,
for Appellant.

Adam Paul Laxalt, Attorney General, and Dominika J. Batten, Deputy Attorney General, Carson City,
for Respondent.

_____

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

By the Court, GIBBONS, J.:

In *State, Department of Human Resources v. Fowler*, we held that attorney fees were not available under NRS 18.010(2)(a) in a petition for judicial review of an agency determination that did not include monetary recovery. 109 Nev. 782, 786, 858 P.2d 375, 377 (1993). In this appeal, we are asked whether attorney fees are also prohibited under NRS 18.010(2)(b) in petitions for judicial review of an agency determination. We hold that

18-08132

NRS 233B.130(6), which states that the provisions of NRS Chapter 233B provide the exclusive means of judicial action in a petition for judicial review, prohibits an award of attorney fees under NRS 18.010(2)(b) in petitions for judicial review.

## FACTS AND PROCEDURAL HISTORY

Appellant Chad Zenor was employed by respondent Nevada Department of Transportation (NDOT) when he injured his wrist on the job. Eleven months after the injury, Zenor underwent an examination and received an evaluation signed by his treating physician, Dr. Huene, who determined Zenor was not yet capable of performing his pre-injury job duties. Approximately two months later, Dr. Huene again examined Zenor and determined he could fully use his wrist with a brace as needed. Less than one month after that, Dr. Huene released Zenor "without limitations." Zenor and his wife delivered the full release to NDOT that same day.

Despite the full release, NDOT commenced vocational rehabilitation and separation proceedings against Zenor, ultimately separating him from employment for medical reasons. Zenor appealed and an administrative hearing officer reversed the separation. NDOT petitioned for judicial review and the district court affirmed. Zenor proceeded to file a motion for attorney fees under NRS 18.010(2)(b) on the ground that NDOT unreasonably brought its petition to harass him. The district court denied the motion, holding that NRS 233B.130 prohibited attorney fees in a judicial action of a final agency decision.

## DISCUSSION

### Standard of review

This court normally reviews an award or denial of attorney fees under NRS 18.010(2)(b) for an abuse of discretion. *Mack-Manley v. Manley*, 122 Nev. 849, 860, 138 P.3d 525, 532-33 (2006). However, the district court "may not award attorney's fees unless authorized by statute, rule or

SUPREME COURT
OF
NEVADA

(O) 1947A

2

contract." *Fowler*, 109 Nev. at 784, 858 P.2d at 376 (citing *Nev. Bd. of Osteopathic Med. v. Graham*, 98 Nev. 174, 175, 643 P.2d 1222, 1223 (1982)). Further, issues of statutory interpretation are questions of law reviewed de novo. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006).

*NRS 233B.130 prohibits attorney fees in petitions for judicial review of agency determinations*

NRS 233B.130(6) dictates that the provisions of NRS Chapter 233B "are the exclusive means of judicial review of, or judicial action concerning, a final decision in a contested case involving an agency to which this chapter applies." We noted in *Fowler* that "NRS 233B.130 does not contain any specific language authorizing the award of attorney's fees in actions involving petitions for judicial review of agency action." 109 Nev. at 785, 858 P.2d at 377. Here, the district court interpreted *Fowler* to mean that NRS 233B.130 precluded attorney fees in such matters. We conclude that the district court was correct in its interpretation.

This court has "repeatedly refused to imply provisions not expressly included in the legislative scheme." *State Indus. Ins. Sys. v. Wrenn*, 104 Nev. 536, 539, 762 P.2d 884, 886 (1988). For example, in *Wrenn*, this court declined to award attorney fees because "the legislature has not expressly authorized an award of attorney's fees in worker's compensation cases. . . . [And] we decline to allow a claimant recovery of attorney's fees in a worker's compensation case absent express statutory authorization." *Id.*; *Rand Props., LLC v. Filippini*, Docket No. 66933, *11 (Order of Reversal and Remand, April 21, 2016) (declining to award attorney fees under NRS 533.190(1) and NRS 533.240(3), in part, because "attorney fees are not mentioned anywhere in the statute").

"[I]t is not the business of this court to fill in alleged legislative omissions based on conjecture as to what the legislature would or should

 

have done." *McKay v. Bd. of Cty. Comm'rs of Douglas Cty.*, 103 Nev. 490, 492, 746 P.2d 124, 125 (1987). Here, the Legislature expressly stated that the provisions of NRS Chapter 233B "are the *exclusive means* of judicial review of, or judicial action" when courts review agency determinations. NRS 233B.130(6) (emphasis added). That the Legislature intentionally omitted attorney fees from NRS Chapter 233B is supported by the fact that the Legislature expressly authorized fees and costs in similar statutes—specifically for frivolous petitions of hearing officer decisions involving industrial injuries. *See* NRS 616C.385. Thus, while *Fowler* did not expressly state that NRS 233B.130 prohibited attorney fees in petitions for judicial review of agency determinations, we now clarify that it does.[1]

### *CONCLUSION*

We hold that, consistent with *Fowler*, NRS 233B.130 prohibits attorney fees in petitions for judicial review of agency determinations. Accordingly, Zenor is not entitled to an award of attorney fees under NRS 18.010(2)(b), and we affirm the decision of the district court.

_____, J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

---

[1]Based on this holding, we need not consider the parties remaining arguments.